**KRISHER, Appellant and Cross–Appellee,**

v.

**KRISHER, Appellee and Cross–Appellant.**

[Cite as *Krisher v. Krisher* (1992), 82 Ohio App.3d 159.]

Court of Appeals of Ohio,
Logan County.

No. 8–91–26.

Decided Sept. 3, 1992.

*Dennis Day Lager*, for appellant and cross-appellee.

*Michael G. Minnich*, for appellee and cross-appellant.

EVANS, Judge.

This is an appeal and cross-appeal from a judgment of the Court of Common Pleas of Logan County granting the parties' complaint and counterclaim for divorce, distributing the marital and separate property, and awarding spousal support to the wife/defendant.

Lamon M. Krisher ("appellant") and Marilyn V. Krisher ("appellee") were married for the first time in 1955. On October 8, 1982, the parties obtained a dissolution of their marriage and distribution of the marital property before the Logan County Court of Common Pleas. Under the separation agreement, appellant received title to the marital residence, but paid appellee the sum of $26,000 as compensation for her interest in the house and real estate.

On April 22, 1983, six months after the dissolution of the marriage, the parties were remarried to each other. Shortly thereafter, appellee repaid the $26,000, and appellant executed and delivered a deed granting joint and survivorship ownership of the marital residence to the parties as husband and wife.

The reconciliation proved to be unsatisfactory to both parties, and on November 29, 1989, appellant filed a complaint for divorce in the Logan County Court of Common Pleas. Appellee filed her answer and counterclaim for divorce on December 28, 1989. The case was tried before a referee on January 28, February 4, and February 21, 1991. The parties later filed written arguments, upon request of the referee.

On July 13, 1991, the referee filed his report, which included findings of fact, conclusions of law, and recommended orders. Objections to the referee's report were timely filed by both parties. Neither party requested or submitted a transcript of the divorce hearing for the court's consideration. See Civ.R. 53(E)(6) (party objecting to referee's findings of fact must support objections with "copy of all relevant portions of the transcript from the referee's hearing"). The trial court overruled the parties' objections and adopted the referee's findings of fact and conclusions of law, with certain specified modifications.

In its judgment entry of October 7, 1991, the trial court set out in detail the division of personal property between the parties. This distribution, which included a "cash award" of approximately $14,000 to appellee, has not been challenged by appellant. The court awarded title and possession of the marital residence to appellee, but also ordered an "equity award" of approximately $33,000, half the value of the marital residence, to appellant. However, rather than ordering appellee to pay the "equity award" in cash or property, the court ordered appellant to pay spousal support to appellee in the amount of $8,500 per year until appellee reached the age of sixty-two years, with a "setoff," or reduction, of $3,300 per year as payment to appellant for the "equity award" which was to be his equitable share of the parties' marital residence. Both parties appealed the court's final judgment.

Appellant has asserted the following assignments of error:

## I

"The trial court erred by tacking the parties' two marriages for the purpose of establishing a property and spousal support award."

## II

"The trial court's property award is disparate and inequitable; is contrary to accepted accounting methods; and constitutes an abuse of the trial court's discretion."

III

"The trial court abused its discretion by awarding to Defendant–Appellee the marital residence which Plaintiff–Appellant brought to the marriage."

IV

"The award of spousal support to Defendant–Appellee for a period of nine years is excessive and constitutes an abuse of the trial court's discretion."

Essentially, appellant asserts error arising out of (1) the court's division of the marital property, and (2) the court's award of spousal support to appellee. Appellant's Assignments of Error Nos. I, II, and III raise the issue of whether the trial court abused its discretion in its distribution of the parties' assets. Assignments of Error Nos. I and IV address the alimony award. We will therefore address the assignments of error accordingly.

*Property Distribution (Assignments of Error I, II, & III)*

The Ohio Revised Code provides that the classification and distribution of assets in a divorce case are within the discretion of the trial court. See R.C. 3105.171. Ohio case law corroborates that rule. For instance, in *Berish v. Berish* (1982), 69 Ohio St.2d 318, 319, 23 O.O.3d 296, 297, 432 N.E.2d 183, 184, the Supreme Court of Ohio stated as follows:

"This court has long recognized that trial courts are vested with broad powers in determining the appropriate scope of property awards in divorce actions. As was stated in the recent case of *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 355 [20 O.O.3d 318, 322, 421 N.E.2d 1293, 1298], ' * * * [b]oth R.C. 3105.18, which provides that the trial court may divide property as it deems equitable, and past case law require that the trial court have broad discretion in arriving at an equitable property division.' This court further noted in *Cherry* that ' * * * [a] reviewing court may modify or reverse a property division, [only] if it finds that the trial court abused its discretion in dividing the property as it did.' "

Therefore, we may not substitute our judgment for that of the trial court, absent evidence that the court abused its discretion. See, *e.g.*, *Martin v. Martin* (1985), 18 Ohio St.3d 292, 294–295, 18 OBR 342, 343–345, 480 N.E.2d 1112, 1113–1115.

While the statute provides that "equal division" of the marital property is a proper "starting point" for the distribution, the final distribution is only required to be "equitable," as determined by the trial court after a consideration of the parties' awards of separate property. R.C. 3105.171(C)(1). Thus,

the only determination we may make is whether the court abused its discretion in its division of the separate and marital property.

First, appellant complains that the court erred in "tacking" the parties' two marriages for the purposes of property division, despite the court's clear statement that "[f]or purposes of determining separate and marital property and dividing marital property, the court defines [']during the marriage['] in this case as beginning April 22, 1983 to the date of final hearing, February 21, 1991." See R.C. 3105.171(A)(2) (trial court may select whatever period equitably constitutes "during the marriage" for purposes of property distributions). Since appellant clearly has misstated the finding of the court as to the property distribution, we overrule the pertinent part of the first assignment of error.

Regarding appellant's second assignment of error, while we find no error in the trial court's "accounting method," we do note that there is some discrepancy in the court's mathematics. The ultimate effect of the court's distribution of marital assets is that appellee owes appellant the difference between the $33,125 "equity award" to appellant and the $14,502 "cash award" which appellee should receive from appellant. Under the court's "accounting," which was an attempt to balance the division of marital property, the actual amount owed should have been approximately $18,623. However, the court, deviating from the referee's recommendations, awarded appellant a "setoff" against the spousal support in the amount of $3,300 per year for nearly nine years, or approximately $29,000.

Under R.C. Chapter 3105, the trial court in a divorce action must, pursuant to R.C. 3105.171 and 3105.18, fashion an "equitable" distribution of all the parties' marital and separate property before determining whether there exists, for either party, a need for "reasonable spousal support." The relevant sections provide:

"The court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either party under section 3105.18 of the Revised Code, and without regard to any spousal support so awarded." R.C. 3105.171(C)(3).

Further, the code section on spousal support reiterates as follows:

"*[A]fter* the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party." (Emphasis added.) R.C. 3105.18(B). See, also, *Holcomb v. Holcomb* (1989), 44 Ohio St.3d 128, 130–131, 541 N.E.2d 597, 598–600.

■ After consideration of the foregoing statutory language, we find that the trial court committed error in awarding a setoff against spousal support to compensate appellant for a cash award he is entitled to receive from appellee to achieve equity in the distribution of marital assets. We believe that the better approach to enforcing the award would have been to allow appellant a "distributive award" pursuant to R.C. 3105.171(E)(1) and (2). Those sections provide as follows:

"(E)(1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. * * *

"(2) The court may make a distributive award in lieu of a division of marital property in order to achieve equity between the parties, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome."

One determination that the court must make in fashioning a distributive award is "[t]he economic desirability of retaining intact an asset or an interest in an asset." R.C. 3105.171(F)(5). Thus, we find no abuse of the court's discretion in its distribution of the real estate intact to appellee. However, we do find that the court's scheme for compensating appellant for his share of the real estate's value was in error and, therefore, sustain the second assignment of error in relevant part.

■ Further, we find no error in the trial court's classification of the marital residence as marital property. It was within the court's discretion to find that the asset had become marital property when the parties returned it to its original status during the first marriage by repayment of the $26,000 and subsequent transfer of title into both parties' names, as joint owners with right of survivorship. The third assignment of error is overruled.

### Spousal Support (Assignments of Error I & IV)

■ We find that the court's arrangement for "payment" of the "equity" award violates the spirit of the statutory scheme for divorce settlements, which requires a final division of property before consideration of the issue of spousal support.[1] As we have noted, *supra*, the court's mingling of the property award with the award for spousal support creates a situation which

---

1. The court's "payment plan" is unfairly prejudicial in that it would have certain adverse tax consequences for appellant. Furthermore, the court has provided certain conditions under which the alimony would terminate, and if any of the conditions were to occur, appellant could effectively be unable to legally claim any of the remaining balance on the "cash award" to which he is entitled under the divorce decree.

may result in confusing and complicated ramifications for appellant if he is forced to face certain legal or financial circumstances in the future.[2]

■ We therefore find that the trial court's support order should be vacated in part, and appellee should be ordered to pay the "equity" award directly to appellant, either as a lump sum, or in installments, as a "distributive award." However, since the actual award of support was reasonably within the court's discretion, appellant may be ordered to pay the support as originally calculated, without regard to the court's "setoff" scheme.

■ Appellant cites no statutory or case law in support of his contention that the court's award of spousal support is "excessive," or an abuse of discretion. We find there is evidence on the record indicating that the court properly considered the requisite factors set out in R.C. 3105.18(C)(1), prior to ordering appellant to pay spousal support. Therefore, the fourth assignment of error is overruled.

■ We further find that the court did not abuse its discretion in considering the total years these parties spent married to one another, especially considering that they were separated for only six months out of thirty-four years of married life. An award of spousal support is based upon equity and the needs of the obligee spouse. *Kunkle v. Kunkle* (1990), 51 Ohio St.3d 64, 70, 554 N.E.2d 83, 89. See, also, R.C. 3105.18(C)(1)(n). The relevant part of the first assignment of error is thus overruled, since we find that it was within the discretion of the court to award reasonable support based on a consideration of the relevant statutory factors.

### Cross–Appeal

Appellee has asserted two assignments of error on cross-appeal.

### I

"The trial court abused its discretion by classifying as marital property the passive interest income of the Colonial Federal CD # 1–40–000905."

R.C. 3105.171(A)(6)(a)(iii) defines the asset at issue as follows:

"(6)(a) 'Separate property' means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:

---

**2.** For instance, the disposition of many problems in bankruptcy, tax, and probate law could depend on whether certain divorce awards are considered support (alimony) or property settlements. Public policy thus dictates that we strive to uphold the statutory scheme through which the legislature has attempted to eliminate these vexing financial controversies.

" * * *

"(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage * * *."

█ Appellee is correct in her assertion that, under the statutory definition, the $1,121.56 interest (or, appreciation, as designated by the court) earned by the certificate of deposit, which the court found to be her "separate property," is also considered to be separate property. We find that the court abused its discretion in declaring the interest to be marital property when the statute so clearly defines its proper designation. See *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Therefore, appellee/cross-appellant's first assignment of error is well taken.

## II

"The trial court abused its discretion in classifying all of the marital residence value as Mrs. Krisher's marital property share."

Appellee/cross-appellant contends that the court also abused its discretion in finding the marital residence to be a marital asset *in toto*. We determined, *supra*, see *Blakemore*, 5 Ohio St.3d at 219, 5 OBR at 482, 450 N.E.2d at 1142, that the court did not abuse its discretion in classifying and dividing the parties' separate and marital property. Accordingly, we find no inequity in the court's "equal" division of the value of the marital home and, therefore, overrule cross-appellant's second assignment of error.

### *Conclusion*

Appellant's assignments of error as written and argued are overruled, except insofar as his second assignment is sustained, in part. Because we have found that the trial court erroneously merged the property division and payment of spousal support, an action which we find prejudicial to appellant and which constitutes error in the application of the law to the case, we reverse the judgment of the trial court as to its "setoff" against the payments of spousal support to satisfy the equitable marital property division. Additionally, we find prejudice to appellee/cross-appellant in the court's erroneous classification of the passive income from her separate property and, therefore, sustain her first assignment of error.

Having found error prejudicial to the parties herein, in the particulars assigned and argued, we vacate the trial court's judgment as to the errors

identified, and remand the cause to the trial court for proceedings consistent with the foregoing opinion.

*Judgment vacated in part and cause remanded.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.