Plaintiff-appellant, Wynona Kelly, appeals an order of the Clermont County Court of Common Pleas, Domestic Relations Division, terminating her twenty-five year marriage to defendant-appellee, Jess Kelly.
The parties were married on March 30, 1972. They have three children, two of whom were emancipated at the time of the divorce hearing on March 22, 1996. On January 11, 1993, appellee was convicted of two counts of rape and one count of gross sexual imposition for abusing the parties' oldest daughter. Appellee was sentenced to seven to twenty-five years of imprisonment on each rape charge to be served concurrently, and to two years of imprisonment on the gross sexual imposition charge to be served consecutively to the rape charges. Appellee is currently serving his sentences at the Chillicothe Correctional Institution.
At the divorce hearing, appellant testified that prior to being incarcerated, appellee had not worked for ten years due to disability. Appellant testified that during that period, appellee received disability benefits on and off and workers' compensation "at times." Appellant also testified that she was living in the marital residence with the parties' son and youngest daughter. Robert, the son, although then twenty-two years old, has cystic fibrosis for which he receives $280 per month in Supplemental Security Income ("SSI") benefits. Regin, the youngest daughter (d.o.b. April 30, 1980), was then sixteen years old and pregnant. Appellant testified that Regin receives $520 per month in SSI benefits from appellee's account as a result of his disability.
Appellant earns $14,500 per year working at Act Media. She also receives $387 per month in School Employees Retirement System ("SERS") disability benefits. Appellant testified that following appellee's incarceration, the family was in "bad shape" financially and four months behind on a $900 monthly mortgage payment. Appellant testified that following appellee's incarceration, she received an $8,000 social security check from appellee's account which she cashed with a power of attorney from her husband and used to pay utility bills and buy groceries. Appellant also testified that the family received a back award of "[m]aybe $4,000, $3,000, something like that" on behalf of Regin from appellee's social security account.
Appellant does not have any savings or a pension. Appellee does have a vested pension from his former employer, Cincinnati Nutone, valued at $11,333.33. The parties' marital residence, located at 6827 Goshen Road in Goshen, Ohio has a stipulated value of $122,000. There are two mortgages on the house; to wit, the original mortgage with a balance of $4,500 and a second mortgage with a balance of $39,179.91, leaving a net equity of $78,320.09.
Appellant filed a complaint for divorce in the trial court on June 20, 1995. Following the March 22, 1996 divorce, the magistrate filed a decision on April 29, 1996, which provides in relevant part:
 Therefore, it is the recommendation of this Magistrate that the Defendant [appellee] shall receive his pension at Cincinnati Nutone. This Magistrate can not [sic] set a value on this because it was not provided.
 The Plaintiff [appellant] shall receive the marital residence free and clear of any claims to the Defendant. She shall pay the first and second mortgages and hold the Defendant harmless. The Defendant shall sign a quit claim deed transferring all of his right, title and interest in the real estate to the Plaintiff. If he shall fail or refuse to do so, then a certified copy of the judgment decree in divorce shall be placed of record transferring all of the Defendant's right, title and interest to the Plaintiff.
 The Defendant shall not be heard to complain about the division of property because he chose not to appraise the other major asset in this case. Further, this Magistrate is taking into consideration the fact that the Defendant is in prison for sexually assaulting the parties [sic] child. He will not be able to pay support for the child or spousal support to the Plaintiff. The Plaintiff needs to maintain the marital residence to provide a home for their daughter. Further, this is a twenty four year marriage, which is long term. This is a spousal support case. The Magistrate will award the equity in the marital real estate to the Plaintiff and the pension to the Defendant.
 The Defendant will ultimately be released from prison. Before prison, he was not always employed. He didn't work for ten years because of disability. He will need his pension to live on when he is released. Further this will separate the affair [sic] of the parties. It will allow them to proceed on with their separate lives. It is conceivable that the Defendant's pension is worth more than the equity in the house, in which case he is coming out ahead.
Appellee requested findings of fact and conclusions of law on May 3, 1996. On June 7, 1996, the magistrate filed a supplemental decision. On June 21, 1996, appellee filed objections to the magistrate's divorce decision and supplemental decision. The trial court rendered its decision on the objections on July 25, 1996. Pursuant to the order of the court, the matter was remanded to the magistrate for valuation of appellee's pension.
On remand, by decision filed February 10, 1997, the magistrate found the value of appellee's pension to be $11,333.33, found the parties' total equity to be $89,453.09 (that is, the sum of the marital equity and the value of the pension), and awarded the pension to appellee and the marital residence to appellant free and clear. The magistrate specifically found that"[t]his Magistrate is making an award of $33,593.55 in spousal support pursuant to [R.C.] 3105.18(B). Again this is a long term marriage of twenty four years. The Plaintiff has a need for assistance."
Appellee requested findings of fact and conclusions of law on February 19, 1997 which the magistrate filed on March 24, 1997. Subsequently, appellee filed objections to the magistrate's findings of fact and conclusions of law. The trial court's decision on the objections was filed May 7, 1997 and provides in relevant part:
 The Defendant objects stating that there was insufficient evidence to justify an award of spousal support, and that the award is contrary to law and against the manifest weight of the evidence. Defendant's objection is well taken.
* * *
 The statutory standard for awarding spousal support has been modified to the broader "appropriate and reasonable" standard. Need, however, is an essential element when determining whether spousal support is appropriate and reasonable. See: Carnahan v. Carnahan (March 3, 1997), Twelfth Appellate District, CA96-08-072, unreported.
 Upon review of the evidence presented, the Court finds that Plaintiff has failed to establish that an award of spousal support is appropriate and reasonable. The court has based its Decision on the statutory factors and other relevant factors including, but not limited to, the following:
 The Court finds that Plaintiff has presented insufficient evidence as to her need for support. The Court notes the modest standard of living established during the marriage. Further, the Court notes that Plaintiff's income and income potential exceed that of Defendant.
 Further, the Court finds that insufficient evidence was presented to support Defendant's ability to pay spousal support. Evidence was presented that Defendant was unemployed for the last ten years of the marriage, and that he did not receive disability on a regular basis. Defendant's earning potential is quite limited. The Court notes, however, that Defendant's income was minimal prior to his incarceration.
 Absent sufficient evidence supporting Plaintiff's need for support and Defendant's ability to pay, the Court finds that an award of spousal support is not reasonable and appropriate.
 Wherefore, the Court finds that the parties' assets, i.e., equity in the house and Defendant's pension, shall be divided equally between the parties. The Court finds that Defendant shall receive the entire pension in the amount of $11,133.33 and that Plaintiff's share of said pension shall be set off against the equity in the house. The total equity in the house has been determined to be $78,320.09. Accordingly, Plaintiff shall receive $44,726.71 of said equity and Defendant shall receive $33,593.38 of the equity so that the parties each receive a total amount of $44,726.71.
 The Decision of the Magistrate is modified to reflect this Decision.
By divorce decree filed October 6, 1997, the trial court awarded appellee his pension free and clear, awarded the marital residence to appellant, and ordered appellee to convey the title of the property to appellant by quit-claim deed. The trial court stated that "[a]t the time of such conveyance, the Plaintiff [shall] execute a Promissory Note to the Defendant in the amount of $33,593.33, at 8% interest, payable when the minor child reaches eighteen years of age on April 30, 1998." The trial court further stated that "[i]f the said note is not paid to the Defendant at such time, then the real estate shall be sold and, after payment to the Plaintiff from the net proceeds of $5,566.66, such net proceeds shall be divided equally. In addition, the Defendant reserves his right of foreclosure at such time."
Appellant timely filed this appeal and raises the following two assignments of error which will be addressed in reverse order:
Assignment of Error No. 1:
 THE TRIAL COURT'S DECISION OVERRULING THE MAGISTRATE'S DECISION ON SPOUSAL SUPPORT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND OR THE TRIAL COURT WAS ERRED [SIC] AND/OR ABUSED ITS DISCRETION TO THE PREJUDICE OF THE APPELLANT IN RULING THAT THERE WAS INSUFFICIENT EVIDENCE TO JUSTIFY AN AWARD OF SPOUSAL SUPPORT TO PLAINTIFF.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND IT ABUSED ITS DISCRETION IN THE DIVISION OF PROPERTY IN THIS CASE.
It is well-established that in a domestic relations case, based upon the facts and circumstances of the particular case, the trial court has broad discretion in dividing the parties' marital assets, Briganti v. Briganti (1984), 9 Ohio St.3d 220,222, and in determining whether to award spousal support, Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67. A reviewing court should not substitute its judgment for that of the trial court unless the lower court abused its discretion. Id. An abuse of discretion is more than an error in law or judgment and implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
It is also well-established that under R.C. Chapter 3105, the trial court in a divorce action must, pursuant to R.C. 3105.171
and 3105.18, fashion an equitable distribution of all the parties' marital and separate property before determining whether to award spousal support.[1] See Krisher v. Krisher (1992),82 Ohio App.3d 159, 164.
In her second assignment of error, appellant argues that the trial court erred in not making an unequal division of the marital property. Appellant contends that the trial court's perfectly equal property division was inequitable under the circumstances of this case and thus an abuse of discretion.
In determining whether the trial court abused its discretion when dividing the parties' marital assets, the reviewing court cannot examine the division of a particular asset in isolation; rather, the reviewing court must view the property division in its entirety, consider the totality of the circumstances and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the trial court. Jelen v. Jelen (1993), 86 Ohio App.3d 199, 202.
It is well-established that a trial court has broad discretion to determine what property division is equitable in a divorce proceeding. Cherry v. Cherry (1981), 66 Ohio St.2d 348, 355. "While no presumption arises that marital property be divided equally, an equal division of property may still be rendered even after the trial court considers all relevant factors, including those specifically enumerated in R.C. 3105.18." Booth v. Booth (1989), 44 Ohio St.3d 142, 145. See, also, Kelley v. Kelley (Mar. 2, 1998), Clermont App. No. CA97-08-073, unreported.
Upon review of the record, we find that the trial court did not abuse its discretion in ordering the equal division of the marital property. The parties' only two substantial assets were their marital residence and appellee's pension. The trial court awarded appellee his pension which is not challenged by appellant. With regard to the house, the record shows that the parties had it built when they were married and that until appellee's incarceration, they had lived together in the house nineteen years. The record indicates that while appellee did not work for about ten of these nineteen years due to disability, he received disability benefits and workers' compensation, albeit on an irregular basis. In light of the foregoing and in light of R.C. 3105.171(C)(2), which states that "[e]ach spouse shall be considered to have contributed equally to the production and acquisition of marital property[,]" we find that the equal division ordered by the trial court was not unreasonable, arbitrary, or unconscionable.
Appellant also argues that the trial court erred in failing to make a distributive award of appellee's share of the equity in the marital residence. We disagree. In light of R.C.3105.171(A)(1), which defines distributive award as "any payments, in real or personal property, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support" (emphasis added), we find that the trial court did not err in failing to make a distributive award. Appellant's second assignment of error is overruled.
In her first assignment of error, appellant argues that the trial court's failure to award her spousal support was an abuse of discretion, especially in light of (1) our holding in Carnahan v. Carnahan (1997), 118 Ohio App.3d 393, that need is an essential element when determining whether spousal support is appropriate and reasonable, and (2) the emotional, physical, and financial impact on appellant and her children resulting from appellee's abuse of the oldest daughter and his subsequent conviction and incarceration.
As set forth above, the trial court is given broad discretion in determining the appropriate amount of spousal support. Kunkle,51 Ohio St.3d at 67. While we held in Carnahan that need is an essential element in determining whether an award of spousal support is appropriate and reasonable, we qualified this statement in Rheude v. Rheude (May 5, 1997), Clermont App. No. CA96-10-084, unreported, by holding that "need is a `relative term, the conception of which must, within reasonable limits, vary with the personal situation of the individual employing it.' Awards of spousal support also must be reviewed in light of the `totality of the circumstances' and should be `fair, equitable, and in accordance with law.'" Id. at 4.
R.C. 3105.18(C) sets forth fourteen factors for the trial court to consider in determining whether spousal support is "appropriate and reasonable."[2] Upon reviewing the trial court's May 7, 1997 decision and the record before us, we find that the trial court carefully considered the factors set forth in R.C. 3105.18(C)(1) in its determination not to award spousal support to appellant.
The record shows that while appellee has no income due to his incarceration, appellant earns an annual income of $14,500 which is supplemented by the $387 per month she receives in SSI benefits. Appellant argues that she is the sole bread winner for Robert and Regin. However, the record shows that Robert receives $280 per month in SSI benefits, while Regin receives $520 per month in SSI benefits. Appellant argues that appellee's incarceration left her family in "bad shape" financially. She also criticizes the trial court's finding that appellee's income contribution to the household prior to his incarceration was minimal. In light of appellant's testimony that appellee received sporadic payments in workers' compensation and social security disability benefits, we agree with the trial court that appellee's contribution was minimal and that the parties' standard of living was modest. We also note that appellant presented no evidence as to the amount and the frequency of appellee's contribution. We further note that following appellee's incarceration, the family received an $8,000 social security check from appellee's account as well as a $3,000 — $4,000 back award.
With regard to the emotional, physical, and financial impact on appellant and her family resulting from appellee's criminal conduct, we note at the outset that appellee is already being punished for his criminal conduct; he has been convicted and is currently serving his sentence. We further note that the purpose in awarding spousal support to one spouse is to provide for that spouse's sustenance and support, not "to fine, penalize or reward either [spouse]." Kunkle, 51 Ohio St.3d at 70. The record shows that the trial court, while acknowledging appellee's criminal conviction and incarceration, properly chose to focus on appellee's potential income upon release. It can be safely presumed that when appellee is released, which at the earliest would be when appellee is sixty-three years old, he will most likely not be able to support himself by working due to his age and disability. He will thus need his pension and his share of the equity of the marital residence for living expenses.
In light of all of the foregoing, we therefore find that the trial court did not abuse its discretion in finding that awarding spousal support to appellant was not appropriate and reasonable, and thus failing to award spousal support to appellant. Appellant's first assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] R.C. 3105.17(C)(3) states that "[t]he court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under [R.C.] 3105.18 and without regard to any spousal support so awarded." R.C. 3105.18(B) in turn states in relevant part that "[i]n divorce proceedings, after the court determines the division of property under [R.C.] 3105.171, the court of common pleas may award reasonable spousal support to either party."
[2] R.C. 3105.18(C)(1) states:
 In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
(a) The income of the parties, from all sources [;]
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.