OPINION
Plaintiff-appellant, Clifton A. Pessefall, appeals the award of spousal support to defendant-appellee, Laura Pessefall, a distributive award of his separate property and the distribution of personal property in this uncontested divorce.
On September 1, 1999, appellant filed a complaint for divorce in the Van Wert County Court of Common Pleas. Appellee then filed her answer to appellant's complaint. On May 5, 2000, the trial court granted appellant's counsel's motion to withdraw as his counsel. Thereafter, appellee was granted leave to file an amended answer and counterclaim for divorce, which were filed on August 17, 2000. Appellant did not file an answer.
On October 19, 2000, appellee moved the trial court to hold a final divorce hearing. The magistrate heard the final divorce hearing on November 17, 2000. Despite proper notice, appellant did not appear at the hearing, and the magistrate proceeded in his absence. On December 7, 2000, the trial court filed its final decree of divorce, approving the findings and recommendations of the magistrate as its order herein.
On December 18, 2000, appellant filed a motion requesting an extension of time to file objections, as well as motions for new trial and relief from judgment. The appellant filed objections on January 10, 2001. The trial court overruled in part and sustained in part appellant's objections to the magistrate's report. The trial court found that the amount of child support ordered was inconsistent with the support computation and guidelines, and thus, the decree of divorce was amended as to the amount of child support. The trial court subsequently made a nunc pro tunc judgment entry to correct the child support amount in the amended decree of divorce.
Appellant now appeals, asserting three assignments of error. For his first assignment of error, appellant asserts:
 Whether the trial court committed error prejudicial to the plaintiff-appellant by making a distributive award of separate property based on financial misconduct as the factors relied upon by the court to establish misconduct were not misconduct within the meaning of Section 3105.171(E)(3) of the Ohio Revised Code.
 Appellant contends that the trial court erred by finding that he engaged in financial misconduct in making a distributive award. Specifically, appellant argues that abandoning his family in connection with him taking $90,000 did not amount to financial misconduct, that his failure to pay the temporary orders could not be considered financial misconduct, that his alleged damage to the marital residence was not financial misconduct, and that his failure to pay the mortgage created on the marital property to satisfy a debt of his mother's estate did not amount to financial misconduct.
R.C. 3105.171(E)(3) provides:
 If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
 Financial misconduct has been determined to imply some type of wrongdoing such as profit or interference with the other spouse's property rights. Gupta v. Gupta
(July 28, 2000), Allen App. No. 1-2000-03, unreported.
To support a distributive award in this case, the magistrate found the following:
 The Court would find that on March 29, 1997, the Plaintiff's mother died leaving the plaintiff as sole heir and Administrator of the Estate. That at the time of her death, the Estate was comprised of three parcels of real property and various cash and accounts of approximately $30,000.00. In order to compromise a claim against the Estate, the Plaintiff convinced the Defendant to grant a mortgage against the marital residence with the promise that he would pay the claim from the sale of estate assets. Contrary to this representation, the Plaintiff sold one parcel from the estate and has taken all the funds of approximately $90,000.00 abandoning the Defendant and the children in July, 1999 in order to reside in the lake cottage which was one of the assets of the Estate. Further before leaving, the Plaintiff caused severe damage to the marital residence rendering it uninhabitable. Since that date, other than a very minor payment of support, the Plaintiff has failed to support either the Defendant or the children.
 First, the court did base its finding of financial misconduct, in part, on the fact that appellant retained the full benefit of the sale of one real estate parcel which had been in his mother's estate when the mortgage was made on the marital residence to compromise a debt of his mother's estate. In light of those facts, we cannot find that the trial court abused its discretion in finding financial misconduct.
Second, we do not find that the trial court abused its discretion in basing its finding of financial misconduct, in part, on the fact of damages to the marital residence. Appellee testified that appellant caused damage to numerous items at the marital residence, including the windows, the doors, the stove and the refrigerator. According to appellee, the residence is inhabitable. As the trier of fact, the trial court has broad discretion to determine the credibility of the witness and the weight to be given to her testimony. See State v. DeHass
(1967), 10 Ohio St.2d 230, 231. It would appear, therefore, that the trial court acted within its discretion to consider the effect of those damages which would be to lessen the value of the property.
Further, it could easily be concluded that the magistrate's reference to appellant's failure to support in the section dealing with financial misconduct does not express a determination of whether that amounted to financial misconduct. Within the totality of circumstances in this case, we are not concerned that these facts were taken into account in reaching its decision and they do not demonstrate that the trial court abused its discretion.
In conclusion, we hold that the trial court did not err when it determined that appellant had engaged in financial misconduct. Therefore, appellant's first assignment of error is overruled.
For his second assignment of error, appellant asserts:
 The trial court committed error prejudicial to the plaintiff-appellant by awarding spousal support and not providing that spousal support would be for a fixed term.
 Appellant argues the trial court erred in its award of spousal support because it failed to consider the required statutory factors set forth in R.C. 3105.18.
Although the trial court is granted broad discretion in awarding spousal support, R.C. 3105.18 mandates that it must consider certain relevant factors in its evaluation of the surrounding facts and circumstances. See Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph one of the syllabus. In addition, a trial court is required to "indicate the basis for its [spousal support] award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Id. at paragraph two of the syllabus.
Although the trial court did not specifically elucidate the basis of its decision, it did declare that having reviewed the factors in R.C.3105.18 an award of $200 per month for spousal support was appropriate and reasonable. In assessing the R.C. 3105.18 factors in light of the evidence in the record, we cannot say that the trial court abused its discretion in awarding appellee spousal support. The evidence in the record discloses that, although appellee had been making $13,193 in 1999, she is presently on medical disability leave and receiving Social Security Disability. The evidence discloses further that she was unable to meet her living expenses and those of the children without some financial assistance from her mother. We find that this demonstrates appellee's need for spousal support.
Under this assignment of error, appellant also contests the trial court's spousal support award for an indefinite term. Appellant relies upon Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus, in which the Supreme Court held:
 Except in cases involving a marriage of long duration, parties of advanced age or a homemaker-spouse with little opportunity to develop meaningful employment outside the home, where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for the termination of the award, within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities.
 Considering a trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case, the present record fails to disclose that the trial court acted unreasonably, arbitrarily or unconscionably by not providing a termination date as to the spousal support payments. See Kunkle. This is a marriage of long duration and the fact that appellee has a disability should be given due consideration. In addition, the court has specifically retained jurisdiction over the issue of spousal support. Thus, based on our review of the facts of this case and the Kunkle case, we cannot say that the trial court in this case acted unreasonably, arbitrarily, or unconscionably in awarding appellee spousal support for an indefinite period of time. Accordingly, appellant's second assignment of error is not well-taken and is overruled.
For his last assignment of error, appellant asserts:
 Whether the trial court committed error prejudicial to the plaintiff-appellant by not awarding to each party their respective personal property regardless of its location.
 Appellant contends that in awarding each party the personal property in their respective possession the trial court had failed to divide such property in an equal or equitable manner. Specifically, he claims the record disclosed that the parties had separated and that the household goods and personalty remained in the marital home.
As this court stated in Krisher v. Krisher (1992), 82 Ohio App.3d 159,163, while R.C. 3105.171(C)(1) provides that "equal division" of the marital property is a proper "starting point" for the distribution, the final distribution is only required to be "equitable." Thus, the fact that the household goods remained in the marital residence, which appellee received, does not, in and of itself, demonstrate that the division of the household goods would be inequitable solely because it is not equal. The award must be evaluated in light of the particular facts and circumstances of the case. Moreover, a trial court has broad discretion in arriving at an equitable property division, and its decision will not be disturbed absent an abuse of discretion. SeeKrisher, supra, citing Berish v. Berish (1982), 69 Ohio St.2d 318, 319. Since that property division was within the discretion of the court under the facts and circumstances of this case, we cannot say that such a division of personal property was an abuse of discretion. Appellant's third assignment of error is overruled.
The judgment of the trial court is affirmed.
HADLEY and BRYANT, JJ., concur.