OPINION
This timely appeal arises out a divorce decree rendered by the Belmont County Court of Common Pleas. Appellant argues that the trial court awarded Appellee all of the marital property in lieu of awarding spousal support, instead of first dividing the marital property and then determining the issue of spousal support as required by R.C.3105.171(C)(3). Appellant's assignments of error have merit in part and the case is reversed and remanded for separate determinations of the division of marital property and spousal support.
The parties were married on June 30, 1978. They have two children. On August 18, 2000, Terri Jendrusik ("Appellee") filed a Complaint for Divorce in the Belmont County Court of Common Pleas. On September 7, 2000, Dennis Jendrusik ("Appellant") filed an Answer and Counterclaim, also suing for divorce. At the time the complaint was filed, Appellant was totally disabled due to the removal of a brain tumor in 1997.
After a full hearing on October 23, 2000, the court filed an Opinion and Decision on November 13, 2000. The opinion resolved the issues of child custody, visitation, child support and grounds for divorce, which are not in dispute in this appeal. The opinion also attempted to resolve the identification and distribution of marital assets.
The court found that marital property consisted of the following items: 1) $7,500 equity in the marital home; 2) Appellee's pension valued at $6,343.50; and 3) tangible personal property worth $6,000. The court determined that Appellant was entitled to a distribution of one half of the pension and tangible personal property. The court did not make a determination as to Appellee's share of the equity in the marital home. The opinion states, though, that Appellee would receive the entirety of the marital assets, "in lieu of periodic spousal support." (11/13/00 Opinion, pp. 3, 4). This assertion appears three times in the discussion of the division of marital assets.
The opinion concludes its discussion of the marital assets with its holding that the division of the marital assets is unequal but equitable for the following reasons: 1) Appellant is totally disabled and living with his mother; 2) his only source of income is social security benefits; 3) Appellant now takes, and will continue to need, expensive medication not covered by insurance; 4) the marital home is used by Appellee as a business and a rental property, and the marital home will help Appellee adjust to a new life without Appellant; 5) Appellant made only limited contributions to the marital home during the period that his earning capacity was diminished due to his illness; and 6) Appellant's future income will be limited due to his illness, preventing him from making future periodic spousal support payments. (11/13/00 Opinion, p. 4).
The trial court goes on to discuss spousal support. It states that it is guided by the spousal support factors listed in R.C.3105.18(C)(1)(a)-(h). (11/13/00 Opinion, p. 5). The court also states that the determination as to spousal support should occur only after the marital property is divided and that the division of marital property is a factor in determining spousal support. (11/13/00 Opinion, p. 5). In its discussion of spousal support, the court states:
 "The marital assets and liabilities of the parties have equitably, but not equally divided pursuant to this court's property distribution order. This was done as a property settlement to allow [Appellee] and [Appellant] to make a clean break without regard to a future obligation for the payment of spousal support by either party."
(11/13/00 Opinion, p. 6).
It further states:
 "In attempting to arrive at parity in this case, equity requires the court to provide [Appellee] with an equitable, but not equal distribution of marital property in lieu of a periodic spousal support obligation in order to allow her to begin to maintain a standard of living reasonably related to that established during the marriage, after consideration of child support payments from Social Security Disability and [Appellee's] present income and her potential for increased future income. At the same time, the court has considered defendant's limited ability to increase his income * * *."
(11/13/00 Opinion, pp. 6-7).
The court held that neither party would receive spousal support and that the court retained jurisdiction to determine whether spousal support would be appropriate at some future date.
On November 16, 2000, the court filed its Judgment Decree of Divorce, repeating more or less verbatim the discussion concerning marital assets and spousal support found in the November 13, 2000 Opinion and Decision.
On December 12, 2000, Appellant filed this timely appeal. Appellee did not file a brief on appeal.
Appellant's first assignment of error asserts:
 "CONSIDERING THE TOTALITY OF CIRCUMSTANCES, THE TRIAL COURT'S DISTRIBUTION OF MARITAL PROPERTY IS AN ABUSE OF DISCRETION, BEING UNREASONABLE, ARBITRARY OR UNCONSCIONABLE."
Appellant argues that R.C. § 3105.171(C)(1) requires a trial court to divide marital assets equally:
 "Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
Appellant argues that each spouse is deemed to have contributed equally to the production of marital assets. R.C. § 3105.171(C)(2). Appellant asserts that the trial court did not equally or equitably divide the marital assets when it awarded all the assets to Appellee. The assets in question consist of the equity in the marital home worth $7,500.00, Appellee's pension worth $6,343.50, and tangible personal property worth $6,000.00. Appellant asserts that the trial court abused its discretion in making its award.
Appellant also argues that the trial court did not use the factors set forth in R.C. § 3105.171(F) in making its determination. Specifically, Appellant contends that the trial court considered the issue of spousal support as a part of its rationale for awarding all the marital assets to Appellee. Appellant argues that this is prohibited by R.C. § 3105.171(C)(3):
 "The court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under section 3105.18 of the Revised Code and without regard to any spousal support so awarded."
Appellant argues that the trial court repeatedly referred to the division of marital property as being, "in lieu of spousal support." (11/16/00 Decree, pp. 4, 5, 7). Appellant asserts that the division of marital property is a separate and distinct determination which must be made prior to determining spousal support, citing Krisher v. Krisher
(1992), 82 Ohio App.3d 159, in support. Appellant argues that, although R.C. § 3105.171(F)(a) does allow the trial court to consider other factors in dividing the marital assets, the trial court cannot consider spousal support as a factor. Based on the record herein, Appellant's argument is persuasive.
The trial court has wide latitude in determining a division of marital assets, and that determination will not be disturbed on review absent an abuse of discretion. Briganti v. Briganti (1984), 9 Ohio St.3d 220,221-222. To determine if the lower court abused its discretion:
 "* * * a reviewing court cannot examine the valuation and division of a particular marital asset or liability in isolation rather, the reviewing court must view the property division in its entirety, consider the totality of the circumstances, and determine whether the property division reflects an unreasonable, arbitrary or unconscionable attitude on the part of the domestic relations court."
Jelen v. Jelen (1993), 86 Ohio App.3d 199, 203, citing Briganti, supra,
at 222.
The Ohio General Assembly enacted H.B. 514, effective January 1, 1991, significantly modifying Ohio's domestic relations law. Prior to H.B. 514, domestic relations courts could award alimony, which consisted of both: 1) a division of marital assets and liabilities; and 2) periodic payments of sustenance and support. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67. H.B. 514 divided what was formerly known as alimony into two separate determinations: 1) the division of marital and separate property, governed by R.C. § 3105.171; and 2) spousal support, governed by R.C. § 3105.18. The statutory scheme now clearly distinguishes the two determinations and requires the trial court to equitably divide the marital property prior to deciding whether to grant spousal support. The statute also requires that spousal support not be considered in determining the division of marital property. R.C. §3105.171(C)(3). See Krisher v. Krisher, supra, at 165-166; Spurlock v.Spurlock (Dec. 15, 1995), Ashtabula App. No. 94-A-0026, unreported.
The equal division of marital property is only a starting point for the distribution of the marital estate. McQuinn v. McQuinn (1996),110 Ohio App.3d 296, 303. Unequal property division by itself does not constitute an abuse of discretion. Id. The trial court must provide sufficient written findings of fact in any order dividing or disbursing marital property to enable a reviewing court to adequately evaluate the fairness of the decision. Munroe v. Munroe (1997), 119 Ohio App.3d 530,541.
A trial court may make separate determinations of periodic or lump sum payments to effectuate either spousal support or the distribution of the marital property. Couch v. Campbell (Feb. 10, 1997), Butler App. No. CA96-05-093, unreported.
In the case presently before us, the trial court judgment mingles the determinations of the division of marital property and spousal support to such a degree that we cannot determine the basis of the property award. The trial court expressly states three times that the marital property is being awarded to Appellee, "in lieu of spousal support." This is patently forbidden by the statute. R.C. § 3105.171(C)(3). Spousal support is not an appropriate factor to consider when making a division of marital property pursuant to R.C. § 3105.171. The trial court compounded the error by failing to determine what portion of the equity in the marital home belonged to Appellant as marital property. The judgment decree does not provide a means to distinguish between the division of marital assets and the spousal support award. The award of all the marital assets to Appellee could either be an equitable, but unequal, division of marital assets, or a one-time lump sum payment of spousal support pursuant to R.C. § 3105.18(B). The parties have a right to know how to classify the property division due to the possible legal ramifications of the division under probate, tax or bankruptcy proceedings. Krisher, supra, at 168 Fn.2.
It is clear that the trial court was attempting to divide the marital assets so that Appellant would not be subject to ongoing periodic spousal support payments. Nevertheless, the judgment decree must reflect that the statutory guidelines were followed. The trial court must provide enough factual and analytical detail so that a reviewing court can distinguish between the division of marital assets and the grant of spousal support. The judgment is reversed and remanded to recalculate the division of marital property and to determine if either party should receive spousal support and, if so, the form of that spousal support.
Appellant's second assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION IN NOT AWARDING THE DEFENDANT SPOUSAL SUPPORT FROM THE PLAINTIFF."
Appellant argues that the trial court abused its discretion in awarding spousal support to Appellee rather than to himself. Appellant asserts that both parties requested spousal support, but that the trial court decision can only be read as an award of spousal support to Appellee. Appellant contends that the trial court did not consider all the factors for determining spousal support set forth in R.C. § 3105.18(C)(1)(a-n) in making its decision. Specifically, Appellant argues that the trial court did not consider that he is totally disabled, has no potential earning capability, has a diminished mental state due to a brain operation, that the marriage lasted twenty-two years, and that his standard of living would be dramatically reduced by the property division.
Appellant cites Buckles v. Buckles (1988), 46 Ohio App.3d 102, for the proposition that alimony, n/k/a spousal support, is used to achieve parity in the divorcing parties' standard of living. Appellant argues that the court's decision to award all marital assets to Appellee as a lump sum spousal support award did not achieve parity.
Appellant also proposes that spousal support should be based on need, citing Carnahan v. Carnahan (1997), 118 Ohio App.3d 393, 399. Appellant argues that the trial court rejected this requirement:
 "The court now directs its attention to the award of spousal support. Strictly construed, RC 3105.18(C)(1) (a thru n) does not require a party seeking spousal support to show that an award of support is necessary."
(11/13/00 Opinion, p. 5).
Appellant concludes that the trial court should have found that Appellant overwhelmingly needed spousal support rather than Appellee.
An award of spousal support is reviewed under an abuse of discretion standard of review. Nemeth v. Nemeth (1997), 117 Ohio App.3d 554, 557. The findings of the trial court with regard to spousal support will be upheld when there is some competent evidence to support the findings.Fletcher v. Fletcher (1994), 68 Ohio St.3d 464, 468.
This Court had repeatedly held that spousal support awards are no longer predicated upon need. Heslep v. Heslep (June 14, 2000), Monroe App. No. 825, unreported; Olenik v. Olenik (Sept. 18, 1998), Mahoning App. No. 94-CA-139, unreported; Tomovcik v. Tomovcik (Jan. 22, 1997), Jefferson App. No. 95-JE-22, unreported.
This Court has also previously held that an award of spousal support will be viewed as reasonable if it is, "fair, proper, just, moderate, suitable under the circumstances, [and] fit and appropriate to the end view." Olenik, supra. An appellate court is guided by the presumption that the lower court's findings are correct. Focke v. Focke (1992),83 Ohio App.3d 552, 555. However the trial court's judgment entry must contain reasoning to support a spousal support award in, "sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, 97.
For the reasons stated in the analysis of assignment of error number one, this Court cannot fully review the trial court's decision regarding spousal support because it is not clear how the marital assets were divided or whether spousal support was awarded. Although the divorce decree specifically states that, "spousal support shall not be awarded to either party," the remainder of the opinion is ambiguous as to whether the marital assets were awarded to Appellee as lump sum spousal support or as part of the division of marital asserts.
For the foregoing reasons, we partially sustain Appellant's assignments of error. We reverse the judgment of the trial court with respect to the division of marital property and spousal support, and remand for further proceedings which should include a clear distinction between an award made pursuant to R.C. § 3105.171 and an award made pursuant to R.C. § 3105.18.
Vukovich, P.J., concurs.
DeGenaro, J., concurs.