OPINION.
{¶ 1} These appeals arise from the Trumbull County Court of Common Pleas, Domestic Relations Division, where a judgment of divorce was entered.
 {¶ 2} Brian and Bonnie Bachman were married on October 24, 1992. Bonnie ("appellant/cross-appellee") filed for divorce on September 13, 1999, while pregnant with the couple's first child. The child was born on October 17, 1999. Three months prior to the birth, Brian, ("appellee/cross-appellant"), moved out of the marital residence and began residing with a girlfriend, with whom he shared expenses. At the time of the separation, appellee/cross-appellant was employed as an engineer at Delphi Packard and appellant/cross-appellee was unemployed. Appellant/cross-appellee continued to be unemployed after the birth of her child and enrolled as a full-time student at Youngstown State University, seeking a four-year bachelor's degree in elementary education. She had previously obtained a two-year general associate's degree during the marriage.
 {¶ 3} The final divorce hearing was held on April 12, 2001. Appellant/cross-appellee was awarded $2,750 per month for spousal support and $782 per month child support. The spousal support was to continue for eighteen months. The order was subsequently amended in a nunc pro tunc order, in which the spousal support was reduced to $1,950 per month for eighteen months. In addition, any payment in excess of $1,950 per month was to be credited towards the total support due.
 {¶ 4} Appellant/cross-appellee filed a timely appeal, citing a single assignment of error. Subsequently, appellee/cross-appellant also appealed the judgment entered by the trial court. These cases have been consolidated for all purposes on appeal.
 {¶ 5} Appellant/cross-appellee's assignment of error is:
 {¶ 6} "The trial court abused [its] discretion by awarding spousal support which was inadequate in duration."
 {¶ 7} Appellant/cross-appellee argues in her assignment of error that the trial court abused its discretion in awarding spousal support for only eighteen months when the parties agreed that the wife would remain home with the child until the child reached school age.
 {¶ 8} Trial courts are granted broad discretion in awarding spousal support to either party when it is reasonable and appropriate.[1]
A reviewing court will not disturb an award of spousal support absent an abuse of discretion.[2]
 {¶ 9} R.C. 3105.18(C)(1), the statute governing spousal support, lists a number of factors for a trial court to consider before awarding spousal support. Those factors are:
 {¶ 10} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 11} "(b) The relative earning abilities of the parties;
 {¶ 12} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 13} "(d) The retirement benefits of the parties;
 {¶ 14} "(e) The duration of the marriage;
 {¶ 15} "(f) The extent to which it would be inappropriate for aparty, because that party will be custodian of a minor child of themarriage, to seek employment outside the home;
 {¶ 16} "(g) The standard of living of the parties established during the marriage;
 {¶ 17} "(h) The relative extent of education of the parties;
 {¶ 18} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 19} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 20} "(k) The time and expense necessary for the spouse who isseeking spousal support to acquire education, training, or job experienceso that the spouse will be qualified to obtain appropriate employment,provided the education, training, or job experience, and employment is, infact, sought;
 {¶ 21} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 22} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 23} "(n) Any other factor that the court expressly finds to be relevant and equitable." (Emphasis added.)
 {¶ 24} Appellant/cross-appellee argues that because the parties had agreed during the marriage that she would be a stay-at-home mother until the child was school age, the trial court abused its discretion in not awarding spousal support to last that exact duration.
 {¶ 25} In the instant case, the trial court addressed each of the R.C. 3105.18(C)(1) factors and made the following findings:
 {¶ 26} "(a) Husband has gross yearly income in the amount of $78,299 from his employment at Delphi-Packard.
 {¶ 27} "Wife has no income inasmuch as she is unemployed.
 {¶ 28} "Neither party has any additional source of income.
 {¶ 29} "(b) Husband's earning ability is relatively greater than that of Wife as indicated by their current earnings and by their earning histories.
 {¶ 30} "(c) Husband is age 38 with no stated or apparent mental, physical or emotional problems.
 {¶ 31} "Wife is age 32 with no stated or apparent medical, physical or emotional problems.
 {¶ 32} "Wife adds that in the past she has seen a psychologist but is currently not under treatment or counseling.
 {¶ 33} "(d) Husband continues to accrue pension retirement benefits through his employment at Delphi.
 {¶ 34} "Wife has no ongoing pension benefits of her own.
 {¶ 35} "The marital portion of Husband's pension was equally divided during this proceeding.
 {¶ 36} "(e) The parties were married on October 24th, 1992, making this a marriage of nine years in duration.
 {¶ 37} "(f) Husband currently works outside the home as he has done throughout the marriage.
 {¶ 38} "(g) The minor child of the parties [was] born October 31, 1999 and Mother is residential parent.
 {¶ 39} "She does not currently work but attends college full time.
 {¶ 40} "(h) Husband described the standard of living the parties established during the marriage as `above average.'
 {¶ 41} "Wife described the standard of living established during the marriage as `quite fortunate.'
 {¶ 42} "(i) Husband is an engineer having completed his four-year degree prior to the marriage.
 {¶ 43} "Wife is currently [attending college] full time and seeks a degree in elementary education. She feels that she will complete her degree requirements in about three and one-half years.
 {¶ 44} "(j) Both parties submitted information regarding their income and ongoing monthly obligations.
 {¶ 45} "Husband shows net monthly income in the amount of $5,786 from his ongoing employment at Delphi-Packard and ongoing expenses in the amount of $3,222 per month.
 {¶ 46} "Wife has no income at this time inasmuch as she is unemployed and is a full-time student. She claims ongoing obligations in the amount of $3,679 per month.
 {¶ 47} "The marital assets of the parties were equally divided during this proceeding.
 {¶ 48} "(k) Wife did not contribute to Husband's education, training or earning ability.
 {¶ 49} "Wife is currently [attending college] full-time and has begun this pursuit during these proceedings.
 {¶ 50} "(l) Husband is not seeking any additional education or training to increase his employment possibilities.
 {¶ 51} "Wife is currently in college full time expecting to complete her degree requirements in about three and one-half years.
 {¶ 52} "(m) Any court-ordered award of spousal support would be a deduction for the payor and would be taxable income to the payee.
 {¶ 53} "Consequently, not all of any court-ordered award of spousal support would be available for actual use by the payee.
 {¶ 54} "(n) Husband did not suffer any loss of income production capacity as a result of his marital responsibilities.
 {¶ 55} "The testimony indicates that both parties preferred Wife to stay home and care for the minor child rather than work at that point.
 {¶ 56} "(o) The Court finds other factors to be relevant in this situation specifically:
 {¶ 57} "(i) Husband has been paying Wife all of his income, except $500 per bi-weekly pay period from January, 2000 through July 1, 2001.
 {¶ 58} "(ii) Husband has been paying $782 per month in child support, and no spousal support, per agreement of the parties, since 7/1/01.
 {¶ 59} "(iii) The testimony of both parties indicates that the parties agreed Wife would not work until the child began school.
 {¶ 60} "This agreement assumed, the Court finds, that the parties would be together through that time, and that Mother would in fact be at home with the child.
 {¶ 61} "WHEREUPON, the Court finds that an order of spousal support for a period of eighteen (18) months as hereinafter described is fair and equitable in these circumstances."
 {¶ 62} The trial court expressly considered each of the statutory factors, and its findings are supported by the record. Although the award is not long enough in duration to last until appellant/cross-appellee finishes her degree, it is clear from the language of the judgment entry that the trial court expressly considered her current unemployment, lack of earning capacity, and university enrollment, matriculating to a four-year degree. We find that this spousal support award is both reasonable and appropriate under the circumstances and the trial court did not abuse its discretion in awarding spousal support.
 {¶ 63} Appellant/cross-appellee's assignment of error is without merit.
 {¶ 64} Appellee/cross-appellant has filed the following assignment of error:
 {¶ 65} "The trial court abused its discretion in its spousal support order in failing to properly consider the income and earning ability of the parties as well as failing to consider the assets of the parties as directed by 3105.18(C)(1)."
 {¶ 66} In the first issue under his assignment of error, appellee/cross-appellant argues that the trial court's determination of his income is contrary to the evidence of his actual income contained in the record and, thus, basing the spousal support on that incorrect income was an abuse of discretion.
 {¶ 67} In its judgment entry, the trial court determined appellee/cross-appellant's gross yearly income to be $78,299. Appellee/cross-appellant argues that the accurate figure is $72,276, which was submitted by appellant/cross-appellee and was never contradicted elsewhere in the record.
 {¶ 68} A review of the record, including the transcript and financial affidavit submitted by appellant/cross-appellee, reveals appellee/cross-appellant's gross yearly income was never listed or presented by either party. Instead, appellant/cross-appellee attached a payroll record from Delphi-Packard listing appellee/cross-appellant's gross bi-weekly income as $3,011.50. Nowhere in the record is that figure ever contradicted. Therefore, based on the evidence in the record, we find that the trial court did not abuse its discretion in listing appellee/cross-appellant's yearly gross income as $78,299.
 {¶ 69} In his second and third arguments under his assignment of error, appellee/cross-appellant contends that the evidence presented showed that appellant/cross-appellee is able to work and has earning capacity but chooses to pursue a full-time degree and, thus, the trial court abused its discretion in not properly determining the earning ability of appellant/cross-appellee.
 {¶ 70} As noted supra, the trial court expressly addressed each of the factors enumerated in R.C. 3105.18(C)(1) and concluded that appellant/cross-appellee's earning capacity was diminished by her role as the residential parent and her current and historical earning record. Therefore, we find that the trial court did not abuse its discretion in making its spousal support determination.
 {¶ 71} In his fourth issue under his assignment of error, appellee/cross-appellant argues that the trial court erred in failing to consider the "substantial assets" of the wife in determining the spousal support award. Specifically, appellee/cross-appellant contends that wife received a substantial amount of assets in the division of the marital estate and those should have been taken into consideration prior to determining the spousal award.
 {¶ 72} R.C. 3105.171(C)(3) requires that "[t]he court shall provide for an equitable division of marital property under this sectionprior to making an award of spousal support to either spouse under section 3105.18 of the Revised Code and without regard to any spousalsupport so awarded." (Emphasis added.) This language reveals a clear intent by the General Assembly to stop the trial court from combining the award of marital property and the spousal support award.[3]
 {¶ 73} Thus, the trial court may not divide the marital property and then take that property into consideration when determining the spousal support. In the instant case, the trial court properly divided the marital property prior to considering any award of spousal support, pursuant to R.C. 3105.171(C)(3).
 {¶ 74} Therefore, the trial court did not abuse its discretion in determining the spousal award. Based on the foregoing, the appeal and cross-appeal are without merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] See R.C. 3105.18(C)(1); McMahon v. McMahon, 11th Dist. No. 2001-P-0042, 2002-Ohio-3378, at ¶ 8.
[2] Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67.
[3] Spurlock v. Spurlock (Dec. 15, 1995), 11th Dist. No. 94-A-026, 1995 Ohio App. LEXIS 5568, at *12, citing Krisher v. Krisher (1992),82 Ohio App.3d 159.