OPINION
{¶ 1} Defendant-appellant, Jie Shen, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting the divorce complaint of plaintiff-appellee, Charles Wei, dividing the parties' assets and liabilities, and granting the parties' shared parenting of their only child. We affirm the decision of the trial court.
 {¶ 2} Wei and Shen were married on December 31, 1998. One child, Angelo, was born issue of the union on January 10, 2000. In September 2001, Wei filed a complaint for divorce. During the marriage, the parties lived in a home Wei purchased prior to the marriage in 1992. In addition, the parties had numerous investment accounts, in addition to retirement accounts, which comingled marital and separate funds.
 {¶ 3} During the course of the final hearing on the divorce complaint, both parties dismissed their attorneys and proceeded unrepresented by counsel. The trial court heard testimony from both parties as to the value of the couples' various accounts and as to the source of the funds in the accounts. Both parties presented voluminous documentation of the accounts. As well, the parties submitted lists of marital and separate property, and testified as to the separate nature of various items of personal property.
 {¶ 4} The trial court issued a decision and decree of divorce, dividing the parties' four bank accounts, four 401(k) plans, four stock accounts, 8 fund accounts, 3 E-Trade accounts, and five other various accounts, including an IRA account, an annuity and an education fund. The trial court awarded each party his or her separate property and ordered that the remaining marital property be divided equally between them. The trial court further ordered that the parties have shared parenting of the their child and designated Wei the child's residential parent for school enrollment purposes only. From this decision, Shen appeals, raising four assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The trial court erred to the material and substantial prejudice of the defendant-appellant in its division of property thereby denying defendant-appellant an equitable division of property."
 {¶ 7} In her first assignment of error, Shen initially alleges that the trial court inequitably divided the Datek account, the ATT stock, and the Ameritrade Roth IRA.
 {¶ 8} A trial court has broad discretion in fashioning an equitable division of property in a divorce action. Middendorf v. Middendorf,82 Ohio St.3d 397, 401, 1998-Ohio-403. As an initial matter, the court must classify the parties' property as either separate or marital. See R.C. 3105.171(B). After the trial court has classified property as marital or separate, it possesses broad discretion to effect an equitable and fair division of the marital estate. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355; Krisher v. Krisher (1992), 82 Ohio App.3d 159,163. A trial court's decision regarding the division of property in a divorce proceeding will not be reversed absent an abuse of discretion. Id.
 {¶ 9} A reviewing court "should not review discrete aspects of the property division out of context of the entire award." Baker v. Baker
(1992), 83 Ohio App.3d 700, 701. Instead, a reviewing court should consider whether the trial court's disposition of marital property as a whole resulted in a property division that was an abuse of discretion. Id. A reviewing court may modify a property division only if it finds that the trial court abused its discretion by dividing the property as it did. Cherry at 355.
 {¶ 10} At the divorce hearing, the trial court, with admirable patience, considered the parties' pro se presentation of evidence related to the numerous marital investments, and explanation of more than 25 exhibits, some as long as fifty pages in length, related to their value. Review of the transcript reveals that the court explained to the parties the method of valuation being employed:
 {¶ 11} "By the Court: Just so you guys understand I am doing the math. I agree that a portion of the reinvestment is a marital property because of the fact reinvestment is part of that money. So I have taken the whole shares * * * [a]nd I am dividing each of the . . . of your separate plus the marital portion to find the percentage of what those funds represent.
 {¶ 12} "Ms. Shen: I agree
 {¶ 13} "* * *
 {¶ 14} "By the Court: * * * Do you understand what I am doing?
 {¶ 15} "Ms. Shen: Yes, I understand
 {¶ 16} "By the Court: Do you also agree with this method?
 {¶ 17} "Ms. Shen: Yes, I do."
 {¶ 18} The trial court proceeded to evaluate each investment with the parties, permitting their testimony and reviewing the exhibits they provided.
 {¶ 19} Courts are not required to accept one method of valuation over another, but instead have discretion to determine the value of marital assets. James v. James (1995), 101 Ohio App.3d 668, 681. Our review of the record reveals no abuse of discretion by the trial court in the valuation of the investments. The value assigned each is established through documentary exhibits and the parties' testimony. Review of the decree in its entirety also demonstrates that these assets were equitably divided between the parties.
 {¶ 20} In this assignment of error appellant also alleges that the trial court erred by not valuing each of the various investments as of February 6, 2002, the date the parties agreed would be used to value their marital assets.
 {¶ 21} When assigning values to marital assets, pragmatic considerations largely dictate the choice of the date utilized to make the value determination. Accordingly, the trial court has discretion to determine the date of valuation, and this date may vary from asset to asset. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. Although the parties agreed to the February 6 date, the evidence adduced at trial did not always correspond to this date. The trial court thus acted within its discretion when it looked to alternative dates when valuing the marital assets.
 {¶ 22} Because the trial court acted within its discretion in valuing the marital assets and making an equitable division of marital property, Shen's first assignment of error is overruled.
 {¶ 23} Assignment of Error No. 2:
 {¶ 24} "The trial court erred by failing to find that the plaintiff-appellee engaged in financial misconduct which justified a distributive award to the defendant-appellant."
 {¶ 25} A trial court has discretion to determine whether a spouse has engaged in financial misconduct. See Huener v. Huener (1996),110 Ohio App.3d 322, 326. Pursuant to R.C. 3105.171(E)(3), financial misconduct includes the dissipation, destruction, concealment or fraudulent disposition of marital assets. Upon finding financial misconduct, the trial court may compensate the offended spouse with a distributive award, or with a greater award of marital property.
 {¶ 26} In the present case, Shen alleges that Wei committed financial misconduct by withdrawing $28,000 from the parties' Fifth-Third accounts, after the parties had separated. While Shen presented evidence that Wei indeed withdrew this amount, she did not establish what was done with the money. Wei testified that the funds were used to maintain the mortgage on the marital residence and to complete various household repairs, pending the divorce. During this time he was laid off from his job, and was required by court order to maintain the mortgage. Shen also alleges that Wei "deliberately had insufficient income withheld to pay federal income taxes." She alleges that the resulting $579 tax liability is evidence of Wei's financial misconduct. Again, Wei testified that his monthly income was used to maintain the marital home or to pay marital bills. Shen presented no evidence that any greater tax liability resulted from Wei's failure to have enough withheld from his paycheck to cover his tax liability.
 {¶ 27} The trial court is in the best position to evaluate evidence and assess the credibility of witnesses. Schneider v. Schneider (Mar. 29, 1999), Brown App. Nos. CA98-03-007, CA98-03-009, citingOstendorf-Morris Co. v. Slyman (1982), 6 Ohio App.3d 46, 47. The trial court, in its discretion, found credible the testimony that Wei used the funds to maintain a marital asset. Moreover, the trial court noted that Shen herself had secreted and lost $15,000 in marital funds in on-line investment accounts. Upon review of the evidence presented, we find no abuse of discretion in the trial court's determination that no distributive award was due either party.
 {¶ 28} Under this assignment of error, Shen raises two additional issues, not related to Wei's alleged financial misconduct. She first alleges that the trial court erred by ordering her to be responsible for alleged babysitting expenses paid to her mother. As calculated by Shen, the babysitting expense totaled $4,540, including a $200 Chinese passport fee, $300 in gifts, and an airline ticket. Wei testified that there was no agreement to pay Shen's mother for baby-sitting, but that she was compensated by trips to New York City, Philadelphia and Washington, D.C.
 {¶ 29} The assignment of debts is part of the property division, which must be reviewed in its entirety. As stated earlier in this opinion, the trial court's property division will be reversed only upon demonstration of an abuse of discretion. Reviewing the property division in its entirety, and considering the nature of this obligation, we find that the trial court did not abuse its discretion by assigning this debt to Shen.
 {¶ 30} Lastly, Shen alleges that the trial court erred by not ordering Wei to repay Shen an alleged premarital loan of $10,000. Shen testified that she loaned the money to Wei before the parties married. On appeal, Shen alleges that "there was no dispute that it was a bona fide debt obligation[.]" On the contrary, Wei testified that the money was used to pay for a vehicle used by both parties, and ultimately awarded to Shen in the property division. Wei also testified that the funds were a contribution to shared expenses while the parties lived together prior to marriage.
 {¶ 31} We again note that the trial court was in a superior position to resolve the conflicting testimony. Having reviewed the record, we do not find that the trial court abused its discretion by not ordering Wei to repay the alleged loan. The second assignment of error is overruled.
 {¶ 32} Assignment of Error No. 3:
 {¶ 33} "The trial court erred by its award of the tangible personal property between the parties."
 {¶ 34} In her third assignment of error, Shen alleges that the trial court erred by finding that the following items were marital property subject to division rather than her separate property: the 36-inch television and stand, the sectional sofa, the deep fryer, and the coffee maker.
 {¶ 35} As noted earlier, R.C. 3105.171 requires the trial court to classify assets as marital or nonmarital and then award each spouse his or her own separate, nonmarital property. The characterization of the parties' property is a factual inquiry and the trial court's determination will not be reversed if supported by some competent, credible evidence.Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159. The party seeking to have a particular asset classified as separate property has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property. Peck v. Peck (1994), 96 Ohio App.3d 731, 734.
 {¶ 36} In the present case, both parties presented the trial court with exhibits listing marital items and items of separate property. The lists are in part conflicting, and precious little testimony was offered as to the conflicting items. The trial court compiled its own detailed list of property at issue and designated each item as either marital property to be divided, or as separate property belonging to one of the parties individually. Given the conflicting nature of the evidence presented to the trial court, we cannot conclude that the trial court's determination of the parties' separate and marital property was so arbitrary, unreasonable, or unconscionable as to connote an abuse of discretion. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218.
 {¶ 37} Shen further argues that the trial court erred in valuing the Plymouth Voyager minivan which was awarded to Wei. The parties do not dispute that the minivan has a NADA value of $4,300. However, Wei testified that the vehicle was damaged in a rear-end collision. The parties received $3,065 from the insurer, but elected not to make the repairs. In the property division, the trial court determined that the minivan had a value of $3,600 and that the marital value of the vehicle was $3,168 after accounting for Shen's separate interest. Having reviewed the evidence and testimony related to the vehicle's value and condition, we find that the trial court did not abuse its discretion in valuing this asset. The third assignment of error is overruled.
 {¶ 38} Assignment of Error No. 4:
 {¶ 39} "The trial court abused its discretion and erred to the substantial prejudice of the appellant-wife by ordering that the father's residence is designated as the legal residence of the child, as long as the father resides in the Lakota School District."
 {¶ 40} In her final assignment of error, Shen alleges that the trial court erred by designating Wei's residence as the child's residence for purposes of school enrollment, because she "has fifty percent custodial responsibility for the minor child and has been solely responsible for daycare expenses." We do not find this argument persuasive. The parties equally share parenting time with their child; thus, the distribution of parenting time weighs in favor of neither party. And, the payment of daycare expense does not impact which residence should be designated the child's residence for school enrollment.
 {¶ 41} It is well-established that a trial court has broad discretion in custody proceedings. See Davis v. Flickinger,77 Ohio St.3d 415, 1997-Ohio-260. Because "custody issues are some of the most difficult and agonizing decisions a trial judge must make[,] * * * a trial judge must have wide latitude in considering all the evidence before him or her * * * and such a decision must not be reversed absent an abuse of discretion." Id. at 418.
 {¶ 42} When ordering shared parenting, R.C. 3109.04 requires a trial court to designate one of the parties' residences as the child's residence for school enrollment purposes. Having thoroughly reviewed the record, we find no abuse of discretion in the designation of the father's home as the child's residence for school enrollment purposes. This is the residence where the parties lived during the marriage, and Wei intended to continue living in the home after the divorce.
 {¶ 43} Finally, Shen points out that the child's social security number was erroneously recorded in the divorce decree. However, on the record before us, this court is unable to determine the accuracy of Shen's assertion. Moreover, she does not request any specific relief related to this issue; accordingly, none will be granted. The fourth assignment of error is overruled.
 {¶ 44} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.