DECISION AND JUDGMENT ENTRY
{1} This case is before the court following the final judgment entry of divorce issued by the Wood County Court of Common Pleas, Domestic Relations Division. For the reasons set forth herein, we affirm.
{2} In this divorce case, only the school district designation for the minor child at issue is challenged by appellant. The relevant facts are as follows. The *Page 2 
minor child was born in October 2000. The marital residence was in the Otsego School District.
{3} On September 30, 2003, appellant-father filed for divorce. The parties continued to live together, though not without considerable contention, with the minor child in the marital residence through April 2004. Both parties submitted proposed shared parenting plans. On April 30, 2004, a guardian ad litem was appointed.
{4} On June 4, 2004, the magistrate entered an order of visitation and companionship. By this time, appellee had moved out of the marital residence into her own residence in the city of Bowling Green. The trial court ordered that each party could select the daycare/preschool of his/her choice for the minor child for the days of their scheduled possession of the minor child — Monday, Tuesday and Wednesday of each week for appellee-mother, and Thursday and Friday of each week for appellant-father. Specifically, the trial court further ordered that appellee-mother was permitted to enroll the child in Dunn's Kiddie Kare in Bowling Green for the days of her scheduled possession.
{5} A final hearing for divorce was held on November 10, 2004 before the magistrate. With regard to designation of a school district, the only testimony or recommendation came from the guardian ad litem. She recommended that the minor child attend Otsego schools based on the location of the marital residence and her belief that the parties originally contemplated that the minor child would *Page 3 
be raised in that district and would attend Otsego schools. However, upon cross examination, the guardian ad litem conceded that there were some financial issues that the Otsego School District was struggling with. On July 20, 2005, the magistrate issued his decision relative to the final divorce hearing which included designation of the Otsego School District.
{6} On September 2, 2005, by magistrate's order, appellant's motion to allow the minor child to attend the pre-school program at the Otsego School District for the 2005-2006 school year on Tuesdays and Thursdays was granted. The child continued to attend Dunn's Kiddie Kare in Bowling Green on the other week days. On September 14, 2005, the trial court judge approved and adopted this magistrate's decision.
{7} Before the trial court judge could review the magistrate's July 20, 2005 decision relative to the final divorce hearing, appellee filed objections to the decision. Further, the parties continued to have disputes relative to various parenting issues, including the visitation and companionship schedule. Appellee filed various motions to show cause.
{8} After a hearing, in a March 9, 2006 magistrate's decision, the magistrate found that the parties "* * * continue to create an atmosphere of contention and revengefulness." The magistrate also found that appellant had "* * * failed without justification to insure that the minor child attends activities, such as dancing, which have been planned activities for the child for some time * * * *Page 4 
failed without justification to insure that the minor child has had visitation [with appellee] on at least six occasions in 2005." As a result, appellant was found in contempt of court orders.
{9} On July 13, 2006, the trial court judge entered an order upon considering the parties' various objections to the magistrate's decisions issued on July 20, 2005 (final divorce hearing), and March 9, 2006 (appellee's motions to show cause). The trial court judge noted that he fully and independently considered the decisions, the testimony presented, and all pertinent pleadings, memoranda and exhibits. The trial court judge approved the decisions with the exception of the school district designation. The trial court judge found that "* * * it is in the best interest of the child given residential, employment and daycare issues for her to remain in the Bowling Green School District."
{10} On August 28, 2006, the trial court judge sua sponte entered an order transferring the case to another judge because his spouse had been assigned to be the minor child's kindergarten teacher in the Bowling Green schools.
{11} Finally, on October 11, 2006, the new trial court judge entered the final judgment entry of divorce approving and adopting all of the provisions of the magistrate's July 20, 2005, decision with the exception of the school district designation. The trial court modified the school district from Otsego School District to Bowling Green School District, consistent with the August 28, 2006 order. *Page 5 
 {12} In his single assignment of error, appellant asserts:
{13} "THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOCATING PARENTAL RIGHTS AND RESPONSIBILITIES WHEN IT DESIGNATED A SCHOOL DISTRICT FOR THE MINOR CHILD TO ATTEND, FOR WHICH THERE WAS LITTLE OR NO EVIDENCE TO SUPPORT SAID DESIGNATION."
{14} R.C. 3109.04 governs the allocation of parental rights and responsibilities in a divorce. The overriding consideration in original allocations is the best interest of the child. Gomez v. Gomez, 7th Dist. No. 06 NO 330, 2007-Ohio-1559, ¶ 16. One of the enumerated factors the court must consider in determining the best interest of the child is the child's adjustment to the child's home, school and community. R.C.3109.04(F)(1)(d). Further, when ordering shared parenting, R.C. 3109.04
requires a trial court to designate one of the parties' residences as the child's residence for school enrollment purposes. Wei v. Shen, 12th Dist. No. CA2022-12-300, 2003-Ohio-6253, ¶ 42; R.C. 3109.04(G).
{15} In determining the allocation of parental rights and responsibilities for the care of minor children, the trial court is vested with broad discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,74. Absent an abuse of that discretion a trial court's decision regarding these issues will be upheld. Masters v. Masters (1994),69 Ohio St.3d 83, 85. An abuse of discretion connotes more than an error *Page 6 
of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
{16} In an abuse-of-discretion standard, an appellate court may not merely substitute its judgment for that of the trial court. SeeDavis v. Flickinger (1997), 77 Ohio St.3d 415, 416. "This highly deferential standard of review rests on the premise that the trial judge is in the best position to determine the credibility of witnesses because he or she is able to observe their demeanor, gestures and attitude. * * *. This is especially true in a child custody case, since there may be much that is evident in the parties' demeanor and attitude that does not translate well to the record." In re L.S.,152 Ohio App.3d 500, 2003-Ohio-2045, ¶ 12.
{17} Appellant argues that the guardian ad litem's recommendation and his stability in continuing to reside in the marital residence and family farm favored designation of the Otsego School District. Appellant further points to the child's court ordered attendance at an Otsego preschool for the 2005-2006 school year. Appellant contends that there was no evidence or support for the trial court's decision to depart from the magistrate's initial designation of the Otsego School District. As such, appellant argues that the trial court abused its discretion.
{18} The June 4, 2004 magistrate's order demonstrates that the issue of where the minor child was educated was in contention early in this case. In the order, the trial court allowed the parties to each choose a daycare/preschool for the *Page 7 
days of their scheduled possession of the child. Specifically, the trial court further ordered that appellee-mother was permitted to enroll the child in Dunn's Kiddie Kare in Bowling Green for the three week days of her scheduled possession. Thus, as ordered, the child was to attend a preschool/daycare in Bowling Green the majority of the time.
{19} Further, it is clear that the trial court considered the stable after school care at Dunn's and appellee's employment in Bowling Green as factors as the court noted, "it is in the best interest of the child given residential, employment and daycare issues for her to remain in the Bowling Green School District." Finally, it is clear from the continued contentious course of the case subsequent to the July 20, 2005 magistrate's decision that initially ordered the Otsego School District designation, that the trial court judge did not abuse his discretion by switching the designation to Bowling Green School District, pursuant to appellee's residence. On March 9, 2006, the magistrate found appellant in contempt of court orders relative to both appellee's visitation and scheduled dance classes for the minor child. Although appellant objected to these findings, they involve witness credibility issues to which this court applies a highly deferential standard of review. See In reL.S., supra. Reviewing this history, the trial court judge could well have concluded that appellee might be better at ensuring consistency relative to the child's school schedule and related activities and that this would be in the child's best interest. *Page 8 
 {20} Under the trial court's broad discretion in determining the school district designation, we find no abuse of discretion. Appellant's assignment of error is not well-taken.
{21} The judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1