OPINION
{¶ 1} Appellant, Christine M. Weller, appeals from the June 29, 2006 judgment entry of the Geauga County Court of Common Pleas, Domestic Relations Division. For the following reasons, we affirm in part, reverse in part and remand.
 {¶ 2} Substantive and Procedural History *Page 2 
 {¶ 3} This appeal originally stems from a divorce between appellant/cross-appellee ("Ms. Weller"), and appellee/cross-appellant, ("Mr. Weller").[1]
 {¶ 4} In Weller v. Weller, 11th Dist. No. 2004-G-2599, 2005-Ohio-6892("Weller 2"), we succinctly summarized the pertinent history of the parties as follows: "[A]ppellant (Ms. Weller) and appellee (Mr. Weller) were married on August 21, 1965. In 1971, when appellee commenced working as a teacher with the Bedford City Schools ("Bedford"), he became a participant in the State Teachers Retirement System ("STRS"), an Ohio pension system which provides as one of its benefits a comprehensive health care plan. As part of the total compensation package given to appellee, Bedford paid directly to the STRS a percentage of appellee's gross pay, part of which went to the pension fund and part of which went to the STRS health insurance fund. At the time of the divorce hearing, appellee had 29.25 credited years of service, and Bedford was paying a total of 14 percent of appellee's gross salary to STRS, with 9.3 percent directed to the pension plan, and 4.7 percent going into the health insurance fund.[2] At that time, appellee had also accumulated 137.25 sick days, earned at a rate of 1.25 days per month."
 {¶ 5} Ms. Weller filed a complaint for divorce on August 17, 1999. Mr. Weller filed his answer and counterclaim for divorce on September 9, 1999. As related to the issue of health care benefits and sick leave, the magistrate ordered the parties on September 26, 2000 to submit briefs addressing the issue of whether these assets were *Page 3 
marital property. On October 24, 2000, the trial court found that these were not marital assets and no evidence would be heard on either the health care benefits or the accrued sick leave.
 {¶ 6} The divorce hearing before the magistrate was held on November 6 and 7, 2000. The court adopted the magistrate's February 20, 2001 decision and issued the divorce decree on June 14, 2001, which stated that the duration of the marriage was from August 21, 1965 to November 6, 2000, the first date of the divorce hearing.
 {¶ 7} Subsequently, Ms. Weller timely appealed to this court inWeller v. Weller, 11th Dist. No. 2001-G-2370, 2002-Ohio-7125, ("Weller 1"), arguing that the trial court erred in (1) precluding her from introducing evidence that Mr. Weller's health care benefits and accrued sick leave were marital assets and (2) that she should have been awarded half of both of these assets. We concluded that "the trial court erred in determining as a matter of law that appellee's [Mr. Weller's] health insurance and accumulated sick leave benefits were not marital property and therefore, were not subject to division. As a result a hearing must be held to determine what portion, if any, of appellee's health insurance and accumulated sick pay benefits are martial property." Id. at ¶ 26. Further, we declined to address the second assignment of error since it would be premature to decide on the distribution of assets that first needed to be declared marital and then valued accordingly.
 {¶ 8} On remand, a hearing was held before the magistrate on August 1, 2003 and September 23, 2003. Ms. Weller presented the testimony of two witnesses; the expert testimony of pension evaluator, David I. Kelly, and the Superintendent for the Bedford Schools, Sherman C. Micsak, who testified as to Mr. Weller's accrued sick *Page 4 
leave and how it is converted upon retirement into severance pay. The magistrate issued his decision on January 26, 2004 and found that any post-retirement health care benefits and accrued sick leave were too speculative to value. The trial court adopted the magistrate's finding on October 12, 2004 and held that Ms. Weller had failed to meet her burden of establishing the value of the post-retirement health insurance benefits and accrued sick leave, and further, that the health care benefits had no marital value.
 {¶ 9} Subsequently, Ms. Weller appealed in Weller 2, arguing that the trial court erred by (1) not following the law of the case as enunciated by this court in Weller 1, where we determined that the health benefits and accrued sick leave were marital assets subject to division and (2) by failing to use November 6, 2000, the date of the divorce hearing, as the date of valuation in determining the equitable division of these assets.
 {¶ 10} We found Ms. Weller's appeal to have merit since the trial court failed to value these assets, and further, failed to provide a date of valuation. Thus, we held "[i]n this case, the trial court abused its discretion in failing to perform its duty to place values on the health care retirement subsidies and the sick leave accrual. In addition, the trial court abused its discretion in failing to request the parties to submit additional evidence if the court felt it was necessary to make that determination. Furthermore, the trial court abused its discretion in not employing a valuation date that was consistent with the date used for other valuations, but instead using an unknown future date." Id. at ¶ 66. Thus, we remanded to the trial court to value and distribute the marital portion of the health benefits and accrued sick leave. *Page 5 
 {¶ 11} Accordingly, on June 29, 2006, the trial court issued a judgment entry that valued both the sick leave accrual and the health care benefit. The court found that the value of Mr. Weller's accrued sick leave as of the date of the divorce was $12,770.48; and further, that the present value of Mr. Weller's health care benefits was $47,661.13. The court retained jurisdiction to adjust the amount of accrued sick leave upon distribution. The court also retained jurisdiction over the health care benefits in the event the benefits are discontinued or are reduced to such a degree that the value determined becomes substantially overstated. Further, the court ordered that upon retirement, Mr. Weller could not dispose of his accrued sick leave benefits and that he had to advise Ms. Weller of the net amount of accrued sick leave that he received.
 {¶ 12} Ms. Weller now timely appeals and raises the following assignment of error:
 {¶ 13} "The trial court erred to the prejudice of Appellant, when it failed to follow the law of the case as enunciated by the Court of Appeals in Weller 2. The Appellate Court, in Weller 2, held that the health insurance benefits and accumulated sick pay were to be valued with a valuation date consistent with the date used for other valuations and not an unknown future date."
 {¶ 14} In Ms. Weller's sole assignment of error, she challenges the trial court's distribution of the marital portion of Mr. Weller's health benefit and accrued sick leave. Specifically, Ms. Weller argues that the trial court abused its discretion since the trial court used an unknown future date regarding the distribution of the health benefits and accrued sick leave. She also contends that the court erred by retaining jurisdiction over the distribution of the assets, and, further, that the court committed prejudicial error by *Page 6 
failing to order her a monetary award of one-half of the value of the health care benefits and accrued sick leave earned during the marriage. We affirm in part since we find that the trial court followed the law of the case in valuing and distributing the assets. However, we reverse and remand for the trial court to clarify the judgment entry regarding the dates of valuation.
 {¶ 15} Standard of Review
 {¶ 16} "We will not disturb the trial court's distribution of marital property absent an abuse of discretion. An abuse of discretion connotes more than a mere error of law or judgment; rather, it implies the trial court's attitude was unreasonable, arbitrary, or unconscionable."Sedivy v. Sedivy, 11th Dist. Nos. 2006-G-2687 and 2006-G-2702,2007-Ohio-2313, ¶ 19, citing Measor v. Measor, 160 Ohio App.3d 60,2005-Ohio-1417, ¶ 9, citing Booth v. Booth (1989), 44 Ohio St.3d 142,144, and Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} Furthermore, the "division of marital and separate property is governed by R.C. 3105.171. The trial court must determine whether particular property is separate or marital in nature, and then make an equitable distribution of that property." Id. at ¶ 20.
 {¶ 18} Law of the Case
 {¶ 19} The Supreme Court of Ohio described the "law of the case" doctrine in Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3-4, when it stated: "[t]he doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. * * * Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior *Page 7 
appeal, the court is bound to adhere to the appellate court's determination of the applicable law. * * * Moreover, the trial court is without authority to extend or vary the mandate given." (Citations omitted.) Weller 2 at ¶ 15.
 {¶ 20} In Weller 2 we ordered the trial court, upon remand, to determine the values and distribution of the marital portion of Mr. Weller's health care benefits and accrued sick leave. Following the law of the case, the trial court, using the testimony of Ms. Weller's expert witnesses and our own analysis in Weller 2, valued the accrued sick leave as of the "date of the divorce" at $12,770.48. The court found the health benefits to have a "present value" of $47,661.13. The court retained jurisdiction over both of the assets until distribution upon Mr. Weller's retirement. The court retained jurisdiction in order to adjust the amount of actual accrued sick leave. As for the health care benefits, the trial court retained jurisdiction in the event they are discontinued or substantially overstated upon Mr. Weller's retirement. Furthermore, Mr. Weller was ordered restrained from disposing of any of his accrued sick leave upon his retirement, and was ordered to advise Mrs. Weller of the net amount he receives.
 {¶ 21} Retaining Jurisdiction Until Distribution
 {¶ 22} Ms. Weller contends that the court erred in retaining jurisdiction over the distribution of both of these assets upon Mr. Weller's retirement and that by doing so, the court committed prejudicial error and did not follow the law of the case since we instructed the court not to use an "unknown future date" for valuation. We disagree since the trial court did not use an unknown future date of valuation, but rather valued the marital portion of the assets and retained jurisdiction solely for the distribution of the assets. *Page 8 
 {¶ 23} As per the actual marital valuations found, we find no abuse of discretion in the trial court's determination for either the accrued sick leave or the health care benefits. Indeed, the trial court not only followed the law of the case in this respect, but determined that our analysis of the valuations of these assets was correct based on the testimony and expert report of Ms. Weller's expert witnesses. Thus, the trial court valued the accrued sick leave to be $12,770.48 as of the date of the divorce and the value of the health care benefits to be $47,661.13.
 {¶ 24} In Weller 2, we discussed the issue of retaining jurisdiction until distribution of the accrued sick leave upon Mr. Weller's retirement when we stated: "[T]he court may retain jurisdiction to modify the value upon distribution. If the court did so, it would alleviate appellee's [Mr. Weller's] concerns that he may use his sick time if he becomes ill or unable to work, or if his health insurance subsidies are reduced to such a degree that the court's valuation turned out in hindsight, to be substantially overstated." Id. at ¶ 64. We explained this is so "[i]n order to assure that justice is served in the event that earned sick days are used before retirement, some courts value this benefit but retain jurisdiction to adjust the amount of the benefit upon distribution." Id. at ¶ 36. See Pearson v. Pearson (May 20, 1997), 10th Dist. No. 96 APF08-1100, 1997 Ohio App. LEXIS 2223, 8.
 {¶ 25} Likewise, on the issue of retaining jurisdiction over Mr. Weller's health benefits upon retirement, we recognized the difficulty in valuing these types of retirement assets and emphasized the rationale underlying this type of distribution method in Weller 2. We stated that retirement benefits, including health care benefits and sick leave accrual, "are benefits earned during working years which, had the parties *Page 9 
remained married, would have benefited both spouses upon retirement. Married couples contemplate the fact that they will be covered under the employed spouse's health care insurance upon retirement, just as they contemplate the fact that it will be the employed spouse's pension or 401(K) which they will receive when the employed spouse retires. Similarly, married couples consider the fact that, if either spouse has not used his or her accumulated sick time, the parties will receive the value of the benefit upon retirement. It would be unjust and inequitable to deprive appellant [Ms. Weller] of her proportionate share of these retirement benefits." Id. at ¶ 55.
 {¶ 26} Thus, the court, by retaining jurisdiction is merely ensuring that there is ultimately an equitable division of the marital portion of these assets. Considering the varietal nature of these assets that will not fully vest until retirement or may be used prior to distribution in the case of Mr. Weller falling ill, we cannot find this to be an abuse of discretion. To order a distribution beforehand would defeat the very purpose of these assets, which both parties willingly and knowingly contributed to during the marriage.
 {¶ 27} Dates of Valuation
 {¶ 28} Ms. Weller also argues that the court erred in its valuation of the assets since the court valued the assets without clearly stating the date of valuation for these assets. We find this contention to have some merit since the court was less than clear in its judgment entry.
 {¶ 29} "As a general matter, a trial court should consistently apply the same set of dates when valuing marital property that is subject to division and distribution in a divorce proceeding. However, this court has previously held that `the circumstances of some cases may require the use of different dates for valuation purposes[.]'" Coble v. *Page 10 Gilanyi (Dec. 23, 1999), 11th Dist. No. 97-T-0196, 1999 Ohio App. LEXIS 6297, 9, citing Miller v. Miller (May 24, 1996), Geauga App. No. 95-G-1942, 1996 Ohio App. LEXIS 2188, 4. Furthermore, "the trial court must adequately explain its reasons for choosing a different valuation date for certain marital assets. Id. citing Cottage v. Cottage (June 13, 1997), Trumbull App. No. 96-T-5412, 1997 Ohio App. LEXIS 2592, 19. R.C.3105.171(G) requires that the "trial court shall make written findings of fact that support the determination that the martial property has been equitably divided and shall specify the dates it used indetermining the meaning of `during the marriage.'" Id. citing R.C.3105.171(G). (Emphasis in original.) Thus, the court erred by failing to specify the precise dates that were used in valuing these assets.
 {¶ 30} The valuation date for health care benefits was provided by Ms. Weller's expert pension evaluator witness, Mr. Kelley, who testified on the first date of the divorce hearing, November 6, 2000, and then again on the first day of the remand hearing, which was held on August 23, 2003. Mr. Kelley used March 7, 2000 as the valuation date for the health care benefits since the divorce hearing was originally scheduled for March 10, 2000. However, in the June 29, 2006 judgment entry currently on appeal, the trial court failed to state any date as a basis for the valuation, and instead simply stated that the "present value of Defendant's [Mr. Weller's] health care benefit was $47,661.13." Thus, the trial court did properly value the health care benefits but erred in so far as the judgment entry fails to specify a date for the valuation.
 {¶ 31} We explained in Weller 2 that: "[although the trial court could have used the November 6, 2000 date to value appellee's [Mr. Weller's] health care benefits, based on the circumstances of the case, that the divorce hearing was originally *Page 11 
scheduled for March 10, 2000, and that Kelley's report was dated a few years prior to that time — it would have been appropriate for the trial court to use Kelley's March 7, 2000 valuation date." Id. at ¶ 51. The date of valuation should have been stated in the judgment entry as March 7, 2000, the date Kelley used to value Mr. Weller's health care benefits. Thus, we must remand to the trial court to clarify the judgment entry.
 {¶ 32} With regard to the accrued sick leave, the trial court simply stated that the accrued sick leave was $12,770.48 as of the "date of the divorce." We note that the original divorce decree stated that the marriage ended on November 6, 2000, the first day of the divorce hearing. We also note that the trial court used this date in valuing the martial portion of Mr. Weller's pension benefit and spousal support. Furthermore, the expert testimony presented by Ms. Weller's expert, Assistant Superintendent Micsak, used November 6, 2000 as the valuation date for his calculations, in which he determined the marital portion of the accrued sick leave to be $12,770.48. Given the fact that the trial court used this precise number the assumption may be made that the court could have used none other than November 6, 2000 as the valuation date for the accrued sick leave. However, the trial must specify the actual valuation date.
 {¶ 33} "When allocating property between the parties in a divorce proceeding, `the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law.'"Coble at 13, citing Kaechele v. Kaechele (1988), 35 Ohio St. 3d 93, paragraph two of the syllabus.
 {¶ 34} Thus, we find Ms. Weller's assignment of error to have merit in part in so far as the judgment entry fails to specify which dates formed the basis for the valuation *Page 12 
of both the accrued sick leave and the health care benefits. We remand for the limited purpose of clarifying the judgment entry to include the omitted date.
 {¶ 35} The judgment of the Geauga County Court of Common Pleas is affirmed in part, reversed in part and this case is remanded in part for further proceedings consistent with this opinion.
CYNTHIA WESTCOTT RICE, P.J., TIMOTHY P. CANNON, J., concur.
[1] Both parties filed notices of appeal from the June 29, 2006 judgment entry. We issued a judgment on August 23, 2006 that sua sponte consolidated these appeals from case nos. 2006-G-2723 and 2006-G-2724. Mr. Weller's appeal, case no. 2006-G-2724, was to be treated as a cross-appeal. However, Mr. Weller has failed to file any assignment of error with regards to this case. Thus, only Ms. Weller's assignment of error will be addressed.
[2] One year of "credited service" is equal to one hundred twenty days of paid time in the classroom. *Page 1