[Cite as *Karabogias v. Zoltanski*, 2023-Ohio-227.]

**[Please see vacated opinion at 2022-Ohio-3548.]**

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CONSTANTINE KARABOGIAS, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111062 |
| v. | : | |
| JOAN ZOLTANSKI, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 26, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-16-364810

### *Appearances:*

John D. Zoller and B. Nicole Bush, *for appellee.*

Stafford Law Co., LPA, Joseph G. Stafford, and Nicole A. Cruz, *for appellant.*

ON RECONSIDERATION[1]

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Plaintiff-appellee Constantine Karabogias ("husband") and defendant-appellant Joan Zoltanski ("wife") were married in 2000. In 2016, husband filed a complaint for divorce. Wife is an executive at University Hospitals, and there are significant assets in her retirement accounts, including a 401(K) account, a 403(b) account, a 457(f) Supplemental Executive Retirement Plan ("SERP") account, and her pension with University Hospitals. This appeal concerns her pension only. The trial court awarded husband 50% of wife's vested accrued benefit as of July 23, 2019, although it found the marriage to have terminated on January 8, 2018, the first day of the divorce trial. The trial court subsequently issued a Qualified Domestic Relations Order ("QDRO") regarding the pension. Wife now appeals from that order and argues the trial court abused its discretion in improperly modifying the judgment entry of divorce by using a date for the pension that varies from the date of the termination of the marriage.

{¶ 2} Our review of pertinent case law authority indicates that it is within the trial court's discretion to select a date for distribution purposes regarding each marital asset in order to achieve an equitable division of marital property. We also find no merit to wife's claim that the QDRO adopted by the trial court

---

[1] The original decision in this appeal, *Karabogias v. Zoltanski*, 8th Dist. Cuyahoga No. 111062, 2022-Ohio-3548, released on October 6, 2022, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

improperly modified the terms of the judgment entry of divorce. Accordingly, we affirm the QDRO issued by the trial court.

**Background**

{¶ 3} The trial for the divorce complaint commenced on January 8, 2018. It was eventually concluded on May 22, 2019. On October 31, 2019, the trial court issued a judgment entry of divorce, which provided a very lengthy analysis and reasoning for its division of marital property, award of child support, and a decision not to award spousal support to husband.

{¶ 4} The trial court found the duration of the marriage to be from August 5, 2000 (the day the parties were married), to January 8, 2018, which is the date the divorce trial commenced and is the presumptive date of the termination of the marriage. Notably, immediately after determining the duration of the marriage, the court stated that each item of marital property "will not be valued as of January 8, 2018." The court observed that neither party provided balances as of January 8, 2018, knowing that it would be the presumed date for the end of the financial marriage and that evidence submitted by the parties did not coincide with January 8, 2018. The trial court specifically noted that it "has discretion to determine the date of valuation which date may vary from asset to asset," citing *Berish v. Berish*, 69 Ohio St.2d 318, 432 N.E.2d 183 (1982), and that, under the facts of this case, *it would be equitable to exercise flexibility as to the valuation dates*, citing *Bartley v. Bartley*, 3d Dist. Seneca No. 13-92-7, 1992 Ohio App. LEXIS 6570 (Dec. 29, 1992). The court found the exercise of flexibility especially

pertinent for wife's retirement assets where the values of the assets had been provided by wife.

{¶ 5} The judgment entry of divorce includes a chart of wife's retirement accounts with a valuation date of July 23, 2019. It lists her (1) University Hospitals 401(K) account (valued at $18,642.49 as of July 23, 2019), (2) University Hospitals 403(b) account, valued at $541,374.89 as of July 23, 2019, (3) "457(f) SERP" account (valued at $119,357.10 as of July 23, 2019), and (4) University Hospitals Retirement Plan ("pension") (valued at $37,012.88 as of July 23, 2019). The court noted it was using wife's own documentation to determine the value of the accounts, explaining that during the trial in May 2018, it had asked wife to provide the valuation of the accounts through 2017, yet she only submitted documents regarding the accounts from 2019. The judgment entry of divorce awarded husband "one half" of her pension "as the equalizing sum for the [parties'] assets" and ordered husband to prepare the QDRO.

{¶ 6} After the trial court issued the divorce decree on October 31, 2019, husband's counsel filed a motion to adopt a QDRO regarding wife's pension, which assigned to husband 50% of wife's "vested accrued benefit" as of October 31, 2019. Wife filed an opposition, arguing that the date should be January 8, 2018, and that the proposed QDRO improperly modified the judgment entry of divorce. The trial court adopted the QDRO proposed by husband. Wife then appealed from the trial court's order in 8th Dist. Cuyahoga No. 110353. During the pendency of the appeal, husband's counsel submitted to wife a revised QDRO

using a "vested accrued benefit" date of July 23, 2019, which is the date the trial court used in valuating wife's retirement assets in the divorce decree based on the valuation information she provided. Husband then moved this court for a limited remand to the trial court for the purpose of allowing the trial court to issue a corrected QDRO using July 23, 2019, as the vested accrued benefit date for the pension. This court granted the limited remand requested. Wife then filed an opposition with the trial court to the revised QDRO, arguing the employment of the date of July 23, 2019, in the QDRO was inconsistent with the terms of the divorce decree.

{¶ 7} Upon remand, on October 29, 2021, the trial court vacated the prior QDRO utilizing the date of October 31, 2019, and adopted the amended QDRO, which utilized the date of July 23, 2019, for husband's vested accrued benefit portion of the pension. The trial court explained that although it had found the duration of the marriage to be from August 5, 2000, to January 8, 2018, its judgment entry of divorce clearly stated that these dates would not be used for valuing the marital property, because the court was not provided with valuation information as of January 8, 2018. The court quoted its own statement in the judgment entry of divorce that the evidence of valuation did not coincide with January 8, 2018, and it would be equitable for the court to exercise flexibility as to the valuation dates.

{¶ 8} The trial court noted further that wife did not provide valuation of her pension other than a statement dated July 23, 2019, which was the only

evidence the court could rely on. The court stressed that the employment of the date of July 23, 2019, for wife's pension "is correct as to what was used to reach a fair and equitable distribution of the assets of this marriage" and that it "went through all of the parties' marital assets and found that the division of property that it ordered constituted an equal division of the property." The court expressly found that "it is appropriate and consistent with the terms of the Judgment Entry of Decree that [husband] is awarded 50% of [wife's] vested accrued benefit as of July 23, 2019."

{¶ 9} Wife now appeals from the trial court's October 29, 2021 judgment adopting the revised QDRO, raising the following assignment of error:

> I. The trial court erred as a matter of law and abused its discretion by issuing a QDRO which is inconsistent with the terms and conditions of the October 31, 2019 entry of divorce.

{¶ 10} Wife claims that the trial court abused its discretion in awarding husband 50% of wife's vested accrued benefit as of July 23, 2019, which she claims constituted a modification of the judgment entry of divorce. The question on appeal is whether the trial court abused its discretion in awarding husband wife's vested accrued benefit in the pension as of July 23, 2019, a date different from the termination date of the marriage, to achieve equalization of the marital property.

**Law**

{¶ 11} Upon granting a divorce, the trial court is required to divide and distribute the marital assets in an equitable manner. R.C. 3105.171(B). Regarding

the date to be used for valuating the marital assets, R.C. 3105.171(A)(2) provides the following:

> (2) "During the marriage" means whichever of the following is applicable:
>
> (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
>
> (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, *the court may select dates that it considers equitable in determining marital property.* If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.

(Emphasis added.)

{¶ 12} The phrase "during the marriage" is statutorily presumed to run from the date of the marriage through the date of the final hearing. R.C. 3105.171(A)(2)(a). The final hearing date is the presumptive termination date of the marriage. *Bowen v. Bowen*, 132 Ohio App.3d 616, 630, 725 N.E.2d 1165 (9th Dist.1999). More specifically, the presumptive date for the termination of a marriage is the first day of trial pursuant to R.C. 3105.171(A)(2). *Carreker v. Carreker*, 8th Dist. Cuyahoga No. 93313, 2010-Ohio-3411, ¶ 19.

{¶ 13} However, as this court has recognized, "'[i]n order to achieve an equitable distribution of property, the trial court must be allowed to use alternative valuation dates where reasonable under the particular facts and circumstances of the case.'" *Abernethy v. Abernethy*, 8th Dist. Cuyahoga No. 80406, 2002-Ohio- 4193, ¶ 19, quoting *Glick v. Glick*, 133 Ohio App.3d 821, 828, 729 N.E.2d 1244 (8th Dist.1999). *See also Keating v. Keating*, 8th Dist. Cuyahoga

No. 90611, 2008-Ohio-5345, ¶ 23; *Weller v. Weller*, 11th Dist. Geauga Nos. 2006-G-2723 and 2006-G-2724, 2007-Ohio-4964, ¶ 29 (while generally the trial court should consistently apply the same set of dates when valuing marital property, circumstances of some cases may require the use of different dates for valuation purposes).

{¶ 14} Furthermore, "[t]he choice of a date as of which assets available for equitable distribution should be identified and valued must be dictated largely by pragmatic considerations." *Berish*, 69 Ohio St.2d at 319, 432 N.E.2d 183. "The trial court has discretion to determine the date of valuation, and this date may vary from asset to asset." *Wei v. Jie Shen*, 12th Dist. Butler No. CA2002-12-300, 2003-Ohio-6253, ¶ 21, citing *Berish*. The trial court, however, "must adequately explain its reasons for choosing a different valuation date for certain marital assets." *Coble v. Gilanyi*, 11th Dist. Trumbull No. 97-T-0196, 1999 Ohio App. LEXIS 6267, 9 (Dec. 23, 1999).

{¶ 15} "'"The determination as to when to apply a valuation date other than the actual date of divorce is within the discretion of the trial court and cannot be disturbed on appeal absent a demonstration of an abuse of discretion."'" *Abernethy* at ¶ 19, quoting *Glick* at 828, quoting *Gullia v. Gullia*, 93 Ohio App.3d 653, 666, 639 N.E.2d 822 (8th Dist.1994) *See also Hissa v. Hissa,* 8th Dist. Cuyahoga Nos. 93575 and 93606, 2010-Ohio-3087, ¶ 17 (as long as the trial court adequately explains its reasoning for choosing the date it does for valuing property, a reviewing court will give deference to its decision); *Pearlstein v.*

*Pearlstein*, 11th Dist. Geauga No. 2008-G-2837, 2009-Ohio-2191, ¶ 87-88 (the trial court may use a different valuation date for certain marital assets provided it adequately explains the reasons); *Kramer v. Kramer*, 8th Dist. Cuyahoga No. 74166, 1999 Ohio App. LEXIS 3491, 7 (July 29, 1999) (the trial court did not abuse its discretion when it explained the deviation in valuation dates, which were selected to promote equity and were logically related to the facts of the case). While the trial court should consistently apply the same set of dates when evaluating all marital property, the trial court has the discretion to use different valuation dates where the valuation at a certain date was the only evidence before the trial court. *Homme v. Homme*, 12th Dist. Butler No. CA2010-04-093, 2010-Ohio-6080, ¶ 62.

**Analysis**

{¶ 16} Here, the judgment entry of divorce includes a chart of the values of wife's retirement accounts as of July 23, 2019, based on the documents provided by wife. When addressing the termination date of the marriage, the court found the marriage to terminate on January 8, 2018, the first date of the final hearing, but specifically stated that "each item of marital property will not be valued as of January 8, 2018," because wife had not provided valuation of her retirement assets as of the trial date, even though the court had requested it. The court also stated that it could consider the lack of temporary support to husband in calculating the valuation date. In addition, the court made ten findings in the judgment entry of divorce to support its division of all marital assets. Regarding

the couple's retirement benefits, the trial court found that "[husband] has depleted all of his retirement assets, while [wife] has most of hers intact with the exception of a loan for the children's private school tuition." Regarding wife's pension, the court relied on the only valuation in evidence; after a lengthy analysis, the trial court awarded husband "one half" of wife's pension (valued at $37,012.88 as of July 23, 2019, based on documentation submitted by wife) without expressly stating the award was one half of wife's pension as of July 23, 2019. Subsequently, on October 29, 2021, the trial court issued a judgment entry stating that the date of July 23, 2019, was correctly used to reach a fair and equitable distribution of the marital assets.

{¶ 17} "It is well settled that a trial court has the discretion to interpret or to clarify its own orders and that such an interpretation will not be reversed absent an abuse of discretion." *Bohannon v. Cincinnati*, 1st Dist. Hamilton No. C-020629, 2003-Ohio-2334, ¶ 9. *See also Tekamp v. Tekamp*, 12th Dist. Warren No. CA2018-08-092, 2019-Ohio-2382, ¶ 26 (trial courts have the right to interpret and explain their own entries), and *Reising v. Reising*, 2d Dist. Clark No. 2010 CA 92, 2012-Ohio-1097, ¶ 14-16 and ¶ 27 (while a QDRO could not modify a divorce decree, it could clarify the divorce decree; the QDRO at issue was proper because it constituted a clarification and not a modification). Here, in the October 29, 2021 judgment entry adopting the amended QDRO, the trial court clarified and confirmed that the divorce decree used an alternative date — July 23, 2019 — for the division of wife's pension because it could only rely on the

valuation evidence before it.[2]  The trial court also affirmed that the utilization of the alternative date would achieve an equitable division.

{¶ 18} For her claim that the trial court modified the judgment entry of divorce, wife focuses on the trial court's use of the words "marital portion" when it stated in the judgment that husband was awarded the "marital portion" of wife's retirement assets: $210,433.24 of the University Hospitals 403(b) and "one half" of University Hospitals Pension.  She argues that by using the term "marital portion," the court awarded husband only the benefits earned before January 8, 2019, the date of the termination of the marriage.  The choice of the term "marital portion" in the court's statement does not have the significance claimed by wife.  She cites R.C. 3105.171 in support of her claim, but that statute only defines "marital *property*," which is all property currently owned by either or both spouses, including the retirement benefits, that was acquired by either or both spouses during the marriage.  R.C. 3105.171(A)(3)(a)(i).  In *Hoyt v. Hoyt*, 53 Ohio St.3d 177, 182, 559 N.E.2d 1292 (1990), the court explained that "in determining

---

[2]At oral argument in the instant case, wife argued that documentation regarding the valuation of the pension was not necessary because the pension is a "defined benefits plan."  However, the issue of whether valuation evidence was necessary for the distribution of the pension was neither raised at the trial court nor argued in wife's brief on appeal.  It is well established that "'[a]n issue raised during oral argument for the first time and not assigned as error in an appellate brief is waived.'"  *D.H. v. J.C.*, 8th Dist. Cuyahoga No. 108553, 2020-Ohio-112, ¶ 25, quoting *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025, ¶ 20 (1st Dist.), citing *Watkins v. Ohio Dept. of Human Servs.*, 10th Dist. Franklin No. 00AP-224, 2000 Ohio App. LEXIS 5018 (Oct. 31, 2000).  Because the issue has not been properly raised for our review, we decline to consider wife's argument that valuation evidence was not necessary for the trial court's distribution of the pension.

the proportionality of the pension or retirement benefits, the non-employed spouse, in most instances, is only entitled to share in the actual marital asset." Moreover, [t]he value of this asset would be determined by computing the ratio of the number of years of employment of the employed spouse *during the marriage* to the total years of his or her employment." (Emphasis sic.) *Id.* Regarding what "during the marriage" means, R.C. 3105.171(A)(2)(b) specifically permits the trial court to "select dates that it considers equitable in determining marital property." As the court in *Hoyt* emphasized, when considering pension or retirement benefits, a trial court must be given discretion and flat rules have no place in determining a property division. *Id.* at 180. Wife's claim in reliance of the purported significance of the trial court's use of the term "marital portion" is not well taken.[3]

{¶ 19} The courts have long recognized that the trial court has broad discretion in determining the date of valuation to arrive at an equitable division of marital assets. The record here reflects that the trial court adequately explained its reasons for utilizing an alternative valuation date to achieve equity. Accordingly, we find no abuse of discretion. The sole assignment of error is without merit. The trial court's judgment is affirmed.

---

[3]While we recognize that the trial court employed a date for husband's entitlement to wife's pension beyond the termination date of the marriage, we note R.C. 3105.171(A)(2) allows an alternative date and does not expressly prohibit the use of such a date to achieve an equitable distribution. *See, e.g., Metz v. Metz*, 1st Dist. Hamilton No. C-050463, 2007-Ohio-549, ¶ 19 (the trial court is within its discretion to include income earned beyond the termination date of the marriage for an equitable distribution of marital property).

{¶ 20} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

LISA B. FORBES, J., and
MICHAEL JOHN RYAN, J., CONCUR